[Civ. No. 18074.   Second Dist., Div. Three.   July 5, 1951.]

DAN R. GARCIA, Respondent, v. DORIS SAENZ GARCIA, Appellant.

Charles C. Morrison for Appellant.

Avery M. Blount and Lloyd F. Dunn for Respondent.

VALLÉE, J.—Appeal by defendant wife from an order denying her motion under section 473 of the Code of Civil Procedure to set aside her default and to vacate an interlocutory decree of divorce, and from the judgment.

The chronology of the case is as follows:

*August 19, 1949,* plaintiff husband filed an action for di-

vorce against defendant. The complaint alleged that the parties married on August 17, 1940, and separated on April 17, 1949, and that there was one child, a boy, aged 4; the existence of community property, consisting of two parcels of real property, household furniture, and a truck; that defendant had been guilty of cruelty; that the boy "is now in the custody of plaintiff"; and that plaintiff is, and defendant is not, a fit person to have custody of the boy.

*August 25, 1949,* copy of complaint and summons was personally served on defendant.

*January 27, 1950,* defendant's default was entered.

*March 8, 1950,* interlocutory judgment of divorce was awarded plaintiff by Judge Jefferson, giving him custody of the minor child, and all of the community property, except the household furniture and furnishing awarded defendant.

*March 20, 1950,* defendant served with copy of interlocutory decree.

*April 3, 1950,* defendant filed notice of motion to set aside default and default judgment on the ground of mistake, inadvertence, surprise and excusable neglect (Code Civ. Proc., § 473), and to file her answer and cross-complaint. The matter was heard upon defendant's affidavit, her proposed answer, and upon the counteraffidavits of plaintiff's attorney and one Nelson, a real estate broker. Plaintiff did not file a counteraffidavit.

*April 21, 1950,* motion to vacate and set aside default judgment and for leave to file answer and cross-complaint was denied by Judge McKesson.

▍ The principles which are applicable when a motion is made under section 473 of the Code of Civil Procedure to set aside a default judgment of divorce are concisely stated in *Gregory* v. *Gregory,* 92 Cal.App.2d 343, 345 [206 P.2d 1122]: "As said in *Rehfuss* v. *Rehfuss,* 169 Cal. 86, 92 [145 P. 1020]: 'The rules of practice applicable to divorce actions differ in many respects from those which govern other actions. In an action for divorce, upon very slight showing the court will set aside a default, if application for relief be made in due time. . . . The law is at all times very solicitous to preserve the integrity of the marriage relation. That relation is the basis of the family, the foundation of society. . . . An action for divorce concerns not only the parties immediately interested, but also the state. . . . It is the duty of the court, representing the state, in accordance with the letter and policy of the law, to guard strictly against fraud, collusion, or impo-

sition when the husband or wife seeks to dissolve the bonds that bind them together.' In *Hambrick* v. *Hambrick*, 77 Cal. App.2d 372, 377 [175 P.2d 269], the court said: 'As has been said repeatedly: ". . . An appellate court, owing to the remedial character of the statute and the policy of applying it liberally to permit an opportunity to present a substantial defense, listens more readily to an appeal from an order denying relief than to one granting relief . . ." (14 Cal. Jur. 1076; see, also, *Waybright* v. *Anderson*, 200 Cal. 374, 377 [253 P. 148], *supra*, and cases cited; *Brill* v. *Fox*, 211 Cal. 739, 743-4 [297 P. 25]). Even in a case where the showing under section 473 is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application (14 Cal.Jur. p. 1076).' " (See, also, *McBlain* v. *McBlain*, 77 Cal. 507, 509 [20 P. 61]; *Wadsworth* v. *Wadsworth*, 81 Cal. 182, 183 [22 P. 648, 15 Am.St.Rep. 38]; *Landon* v. *Landon*, 74 Cal.App.2d 954, 958 [169 P.2d 980].)

It has been held that a default judgment by which a marriage is dissolved, property rights lost, character assailed, and children of tender years taken away from a parent, as is the case here, is a harsh judgment and should, upon proper application, be vacated without hesitation; failure to do so constitutes an abuse of discretion. (*Mulkey* v. *Mulkey*, 100 Cal. 91 [34 P. 621]; *Rehfuss* v. *Rehfuss*, 169 Cal. 86, 89-90-91 [145 P. 1020]; *Landon* v. *Landon*, 74 Cal.App.2d 954, 958 [169 P.2d 980].) In the Mulkey case, the husband obtained a default divorce judgment on the ground of adultery. The husband was awarded the four minor children, three of whom were girls, the eldest being about 8 years old, and was assigned all of the community property. The wife appealed from the order denying her motion to vacate and set aside the judgment. In reversing the order the court said, page 92: "The facts stated in the affidavit of defendant show either collusion between the parties, or that the defendant was grossly misled and deceived by her husband as to the ground of the proposed action, he having informed her, as she states, that it would be brought on the ground of desertion. In either case the court should have been prompt to set aside the judgment and allow the defendant to answer, so that the case might be heard and determined on its merits. The judgment is a harsh one, and·fearful in its consequences. It deprives the defendant, among other things, of children, home, property and character. To justify such a judgment the evidence

should always be clear and convincing; and when obtained in an action of this character, under circumstances such as are disclosed by the record in this case, it should, upon a proper application, made by the defendant for that purpose, be vacated without hesitation, and a much slighter showing than the one here made would be amply sufficient for the purpose.''

The facts stated in defendant's affidavit reveal that at no time was she represented by counsel. Although the counteraffidavit filed by plaintiff's attorney denied that fact, it is obvious that the facts in support thereof are too vague and indefinite to be given consideration, the affidavit stating the attorney had received telephone calls from ''some person'' and ''another party'' claiming to be defendant's attorneys and seeking information concerning the action, but whose names he did not take and does not remember although he furnished them with information. The uncontradicted fact remains that after service of complaint and summons upon defendant she went to the office of plaintiff's attorney and, according to the latter's affidavit, stated ''she had certain interest in the community property, including household goods, a truck used by Mr. Garcia, and certain real property,'' and that she ''desired to discuss the matters'' contained in the complaint. Although the affidavit of the attorney states she was advised to seek legal advice, the fact remains that no attorney at any time appeared in the action for her. Defendant's affidavit further states, which facts are denied by the attorney, that she was informed by him it was unnecessary for her to engage counsel and that when the interlocutory decree of divorce would be granted she would be given at least one half of the community property; that no one intended to take the custody of the minor child from her; that the child would remain in her custody, and plaintiff would agree to pay for the support of the child; that she had no knowledge the attorney intended to enter a decree ''until these matters had been settled.'' No explanation is made in the attorney's counteraffidavit for the five-month delay in entering defendant's default. This fact would, in and of itself, lend support to defendant's statement that she believed nothing would be done ''until these matters had been settled.'' Further support for her belief is added by the statement in her affidavit that in March of 1950 (appellant's brief corrects this date to February 20, 1950), in reliance upon the representation that a settlement of the rights of the parties would

be made before an interlocutory decree was entered, she pledged her separate security and paid off a delinquency of $850 on an indebtedness existing against the real property of the parties. No denial was made in the counteraffidavits that defendant paid this $850; and, under the circumstances, it would appear inconceivable that she would have been so vigilant and paid this amount if she were not of the belief that a settlement of the property interests of the parties would be effected. Neither was it denied in the counteraffidavits that since the separation of the parties the minor child has been, and now is, in defendant's custody and that plaintiff has never, at any time, had the physical custody of the minor child. In addition to the foregoing, the proposed answer attached to defendant's affidavit reveals she has a good and sufficient defense to plaintiff's cause of action, and her affidavit states she has a good and sufficient cause of action for divorce in her own right, none of which facts is controverted in the counteraffidavits.

Sound policy favors the determination of actions on their merits. While discretion is vested in the lower court in ruling upon matters under section 473, such discretion is a legal, not an arbitrary, one. (*Friedrich* v. *Roland*, 95 Cal.App.2d 543, 552 [213 P.2d 423].) Having in mind the foregoing legal principles and the circumstances here appearing, it was clearly an abuse of discretion to deny the relief sought by defendant.

Judgment and order reversed and cause remanded with directions to the court below to vacate and set aside the judgment, and to allow defendant to answer and file a cross-complaint, if she be so advised, within a reasonable time.

Shinn, P. J., and Wood (Parker), J., concurred.