[Civ. No. 22843. Second Dist., Div. Three. Sept. 4, 1958.]

ALMA C. PETERS, Appellant, v. CLARENCE O. PETERS, Respondent.

J. M. Sinclair for Appellant.

Moss & Sherman for Respondent.

SHINN, P. J.—Alma C. Peters sued her husband, Clarence, for divorce upon the ground of cruelty. She also sought custody of their 4-year-old son, and an order requiring defendant to make reasonable payments for his support. The complaint alleged that the parties had divided their community property and that the agreement therefor was fully executed; it also alleged that $80 a month was a reasonable amount for the support of the child and within the ability of defendant to pay. Defendant was served with summons and complaint and upon his failure to appear in the action his default was duly entered. On June 19, 1957, the matter was heard as a default and the court granted plaintiff an interlocutory decree, awarding her custody of Danny and ordering defendant to pay $115 a month for child support. July 13, 1957, defendant noticed a motion under section 473 of the Code of Civil Procedure to vacate the default and the default judgment upon the grounds that they had been taken against him through mistake, inadvertence and surprise. The motion was granted and the default and the interlocutory decree were set aside. Plaintiff appeals.

The motion was heard on affidavits of Mr. and Mrs. Peters. The affidavit of Mr. Peters averred as follows: Defendant is a fireman employed by the city of Los Angeles. He and his wife separated on or about March 1, 1957. Prior to the separation, they entered into an oral agreement respecting their property rights. In accordance with the agreement, defendant assigned to his wife his interest in the family home; Mrs. Peters sold the house and agreed to pay the fee of her attorney out of the proceeds of the sale. The parties also agreed that Mrs. Peters would have custody of the son, with

rights of reasonable visitation in her husband, and that Mr. Peters would pay $80 a month for the support of the child. Pursuant to the agreement, defendant went to the office of his wife's attorney, where he was served with summons and complaint in the divorce action. After reading the complaint, he informed the attorney that the allegations respecting the division of community property and the amount of child support reflected his agreement with Mrs. Peters. The attorney told him that "this was the agreement" and that the court would make its order for child support in accordance with the allegations and prayer of the complaint, that it would be unnecessary for him to retain his own attorney or to appear in the proceedings, and that he would be protected. Thereafter defendant took no further steps, and he was subsequently advised, in a letter from the attorney, that his default had been entered and that the court had ordered support payments in the amount of $115 a month. The attorney wrote: "This was done by the Judge without us asking for same and, of course, you will be required to comply." A copy of the letter was attached to the affidavit as an exhibit. Defendant also averred that the circumstances of the parties were unchanged, that he had been making the agreed payments of $80 a month, and that he had not been advised by his wife or by her attorney that a sum in excess of $80 a month would be requested or obtained. Defendant tendered a proposed answer, alleging that he was willing and able to pay $80 a month for child support but was unable to pay a greater amount. The averments of the defendant's affidavit were not denied.

Mrs. Peters averred in her affidavit that she entered in good faith into the agreement set forth in her husband's affidavit and that neither she nor her attorney asked at the trial for child support in excess of $80 a month. She gave truthful answers to the questions asked her by the judge. Mrs. Peters also averred that the actual cost of maintaining the child was more than $115 a month and defendant was able to pay that amount.

In urging a reversal of the order, Mrs. Peters contends that the facts alleged by her husband were insufficient as a matter of law to justify vacation of the default and the interlocutory decree. She argues, in this connection, that Mr. Peters had no right to rely upon her attorney's representations that the court would order child support payments of $80 a

month and that he should not have been relieved from the consequences of his default merely because the amount of the order exceeded the amount he expected to pay. The argument cannot be maintained.

██ A motion to set aside a default judgment of divorce is addressed to the sound discretion of the trial court and an order vacating the decree will not be disturbed on appeal unless it is shown that the court has been guilty of a plain abuse of discretion. (*Gregory* v. *Gregory*, 92 Cal.App.2d 343, 345-346 [206 P.2d 1122], and cases cited.)

██ Defendant made out a clear case for relief. Both he and plaintiff's attorney properly assumed that the court would award $80 per month for child support. Plaintiff had alleged in her verified complaint that this was a reasonable amount and from the allegation of the complaint that the community property had been divided it was obvious that the parties had agreed upon an amount for child support. Defendant had no reason to believe that plaintiff would request more than the agreed amount or that without such a request the court would grant more. The action of the court, no doubt, came as a surprise to both parties.

The court did not abuse its discretion in setting aside the decree so as to allow defendant to litigate the question of child support. Vacation of the judgment was not only proper but it could not reasonably have been refused. (*Garcia* v. *Garcia*, 105 Cal.App.2d 289 [233 P.2d 23].)

The order is affirmed.

Wood (Parker), J., and Vallée, J., concurred.