[Civ. No. 24441.   Second Dist., Div. Three.   Oct. 11, 1960.]

JOAN A. REED, Appellant, v. GLADYS M. WILLIAMSON, Respondent.

George E. Cannady for Appellant.

Jay J. Wallerstein for Respondent.

VALLÉE, J.—Appeal by plaintiff from an order setting aside the default of defendant and the ensuing judgment in an action for damages for alleged assault and battery and recalling execution.

The first amended complaint was filed August 5, 1958. On August 15, defendant, represented by her attorney, Herman A. English, filed an answer denying the material allegations of the complaint. A pretrial conference was had on May 1, 1959. Defendant was represented at the conference by an associate of Mr. English. A "Joint Pre-trial Statement," filed by Mr. English, was presented and ordered filed. The state-

ment said: "The case is at issue, and ready for trial without a jury." Trial was set for June 5, 1959. On May 8, 1959, seven days after the pretrial conference, Mr. English filed a notice of motion for an order permitting him to withdraw as attorney for defendant. The record does not show that the notice was served on defendant. On May 15, 1959, the motion was granted. The cause was called for trial June 5, 1959. There was no appearance on the part of defendant. After hearing testimony offered by plaintiff the court rendered judgment for plaintiff against defendant for $8,000 general damages and $5,000 exemplary damages. Judgment was entered accordingly on June 17, 1959, and execution issued.

On July 31, 1959, defendant filed a notice of motion for an order setting aside her default and the judgment and recalling the execution. The motion was granted. Plaintiff appeals from the order.

In support of the motion, defendant filed a declaration in which she stated: she originally retained Mr. English as her attorney in the action and paid him $75 on account; she received no notice from him that the pretrial conference was scheduled for May 1, 1959; she received no notice that the cause was set for trial on June 5, 1959, or at any other time; she received no notice of the motion of Mr. English to withdraw; she has examined the pretrial conference order; she never authorized Mr. English to waive a jury; at all stages of the proceedings her mailing address was 912 East 32d Street, Los Angeles; none of the notices referred to was delivered to her at that address; after institution of the action she was advised by Mr. English that the case would not come to trial for about three years; her first knowledge that judgment had been taken against her was on or about July 20, 1959, at which time, in attempting to cash a check, she learned her bank account had been levied on; the address 1547 West 59th Street, Los Angeles, stated in some of the affidavits of service by mail filed in the action as being her address, is incorrect; she did not at any stage of the proceedings reside or receive mail at or through that address.

In support of the motion defendant also filed a declaration of merits by herself and one by her present counsel, which are not in question.

In opposition to the motion, plaintiff filed an affidavit of Mr. English which stated: in February, 1958, he had represented defendant in an unlawful detainer action titled "Gladys M. Williamson vs Newman Reed, Joan Reed"; in

that connection defendant gave him 912 East 32d Street, Los Angeles, as her address; she also told him her place of employment was 1733 Kelton Avenue, Los Angeles, and she could be contacted there; on March 2, 1959, at defendant's request, he mailed "Substitution of Attorney" forms to defendant, requesting her signature; in a covering letter he advised defendant the pretrial hearing was set for May 1, 1959; defendant failed to return the "Substitution of Attorney" forms and therefore he, through an associate, appeared and represented defendant at the pretrial hearing; on May 5, 1959, he mailed a notice to defendant at 912 East 32d Street, Los Angeles, advising her the trial was set for June 5, 1959; thereafter he was informed by defendant that she did not need an attorney; on May 7, 1959, he filed a motion to be relieved as her attorney; the motion was granted on May 15, 1959; he then, on May 15, 1959, mailed a copy of his motion and "a copy of its Ruling" to defendant at 912 East 32d Street, Los Angeles; all notices "in connection with the subject trial" were mailed to defendant at that address or at her place of employment, 1733 Kelton Avenue, Los Angeles; none of the mail sent to defendant from his office was returned; defendant always responded "in one way or another to all our communications."

With leave of court, defendant filed supplemental affidavits in support of the motion: one by herself, and one by Lillian Davenport. Defendant's supplemental affidavit stated: by reason of illness in her family she left Los Angeles on April 6, 1959, and stayed with her family at 720 North Madison Street, Tulsa, Oklahoma; she returned to Los Angeles on July 8, 1959; at all times during her stay in Oklahoma and at all times since November, 1957, her mailing address was 912 East 32d Street, Los Angeles; on May 17, 1959, she telephoned Lillian Davenport, who resides at that address, and asked her to forward any mail she (defendant) had received; she gave Lillian Davenport her address; she did not thereafter receive any mail at the Tulsa address; on returning to Los Angeles, she picked up all mail which had been delivered to 912 East 32d Street; she was informed by Lillian Davenport, who had been receiving mail for her since 1957, that the mail was not forwarded because she had inadvertently misplaced the address and was unable therefore to forward mail; in the mail she picked up from Lillian Davenport at 912 East 32d Street there was no notice from Mr. English, or from George Cannady (attorney for plaintiff), or from the plaintiff or from the court, notifying her of any pretrial conference or of the

fact that the trial had been scheduled for June 5, 1959; she received no notice of the motion of Mr. English to withdraw as her attorney; she could not have talked to Mr. English between May 5 and 7 and have told him she did not need an attorney, as stated in his affidavit, since she was in Oklahoma at that time; the minutes of the superior court in this action for June 5, 1959, show that Mr. English appeared for her at the time of trial.

The declaration of Lillian Davenport stated: she resides at 912 East 32d Street, Los Angeles; since November, 1957, defendant has used her address and residence as her mailing address; at all times since November, 1957, she delivered to defendant all mail received at her address for her; on or about May 17, 1959, she received a telephone call from defendant inquiring as to whether she had any of her mail; she told defendant she had; defendant requested that she forward it to an address which she wrote down; some time after completing the conversation and when she went to forward defendant's mail, she discovered she had misplaced the address which defendant had given her and was therefore unable to forward the mail as defendant had requested; some time after June 5, 1959, defendant contacted her personally and picked up all mail which had been delivered to her (Lillian Davenport's) residence for her; if she had not inadvertently or mistakenly misplaced the address which defendant had given her, she would have immediately forwarded all mail to her as she requested.

Plaintiff asserts the court abused its discretion in granting the motion. ■■■ Code of Civil Procedure, section 473, providing that a trial court may relieve a party from "a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect," is remedial in its nature and is to be liberally construed. (*Friedrich* v. *Roland,* 95 Cal.App.2d 543, 552 [213 P.2d 423].) ■■■ The policy of the law is to have every litigated cause tried on its merits; and it looks with disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. (29 Cal.Jur.2d, § 152, p. 95.) ■■■ Reviewing courts have always looked with favor on orders excusing defaults and permitting controversies to be heard on their merits. Such orders are rarely reversed, and never unless it clearly appears that there has been a plain abuse of discretion. (*Jones* v. *Title Guaranty etc. Co.,* 178 Cal. 375, 376-377 [173 P. 586].)

Even in a case where the showing under section 473 of the Code of Civil Procedure is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application. (*Garcia* v. *Garcia,* 105 Cal.App.2d 289, 291 [233 P.2d 23].) All presumptions will be indulged in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused. (*Estate of McCarthy,* 23 Cal. App.2d 398, 400 [73 P.2d 914].)

In *Baratti* v. *Baratti,* 109 Cal.App.2d 917 [242 P.2d 22], we said (p. 921) :

"Inadvertence is defined as lack of heedfulness or attentiveness, inattention, fault from negligence. (Webster's New Inter. Dict., 2d ed.; *Greene* v. *Montana Brewing Co.,* 32 Mont. 102 [79 P. 693, 694].) . . . The 'excusable neglect' referred to in the section [Code Civ. Proc., § 473] is that neglect which might have been the act of a reasonably prudent person under the same circumstances. (*Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [164 P.2d 936].)''

In a matter in which an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom. (*Wolfson* v. *Haddan,* 105 Cal.App.2d 147, 149 [233 P.2d 145].) When there is a substantial conflict in the facts presented by affidavits, the determination of the controverted facts by the trial court will not be disturbed on appeal. (*Deyl* v. *Deyl,* 88 Cal.App.2d 536, 543 [199 P.2d 424]. *Cf. Garcia* v. *Garcia,* 105 Cal.App.2d 289 [233 P.2d 23].)

The court was warranted in concluding from the record before it that the failure of defendant to appear at the trial and the consequent rendition of judgment against her were the result of inadvertence, that her neglect was such as might have been the omission of a reasonably prudent person under the same circumstances, and that it was therefore excusable.

Affirmed.

Shinn, P. J., and Ford, J., concurred.