[Civ. No. 10132. Third Dist. Sept. 15, 1961.]

KAREL KOOPER et al., Appellants, v. M. J. KING, Respondent.

Clarence H. Pease for Appellants.

Lloyd J. Cosgrove and Herbert Chamberlin for Respondent.

WARNE, J. pro tem.*—This is an appeal from an order granting a motion to vacate and set aside the default and

*Assigned by Chairman of Judicial Council.

default judgment entered by the clerk of the court against the defendant M. J. King.

The complaint, in substance, alleges that plaintiffs and the defendants, King, Lusk, Anderson, Stuppi and Guerin, entered into a written contract whereby plaintiffs agreed to perform planning and architectural services for the defendants. The written agreement is attached to the complaint and made a part thereof by reference. Paragraph (8) of the agreement provided that the defendants might terminate the agreement at any time upon the payment of $4,000, less amounts paid for preliminary sketches furnished by the plaintiffs. Plaintiffs sought recovery of the $4,000, plus interest from July 1, 1959, on the ground that the defendants had terminated the agreement but refused to pay any part of the $4,000, although plaintiffs had allegedly fully performed their part of the contract.

The defendant Lusk filed an answer to the complaint January 11, 1960. Stuppi, Guerin and the executors of the estate of Anderson answered on March 17, 1960, and cross-complained against Lusk and King. On March 21, 1960, the clerk of the court entered a default judgment in favor of appellants against the respondent King for $4,000, plus interest and costs. Subsequently, on May 13, 1960, respondent moved to vacate the default judgment. The motion was granted vacating the default judgment and granting King leave to file his answer to the complaint. Necessarily, the effect of the order was to vacate the default as well as the default judgment.

The appellants contend that there was no showing in this case of excusable inadvertence and neglect, and therefore respondent failed to make a sufficient showing under the provisions of section 473 of the Code of Civil Procedure. They assign the granting of the motion as error.

It appears that respondent King was served with summons on January 14, 1960, and default was entered in accordance with section 585, subdivision 1, of the Code of Civil Procedure. The default judgment was entered by the clerk on March 21, 1960. Respondent's motion and notice of motion to vacate the default judgment and grant him leave to answer was filed on May 13, 1960. The motion and notice were accompanied by his proposed verified answer and affidavit for relief. It appears in his affidavit that after he was served with summons he ''discussed with his codefendant, B. I. Lusk, who resides in Sacramento, California, the merits of plaintiffs'

complaint and thereafter placed the said summons and complaint in and among his general files but inadvertently neglected to make a notation thereof as to the fact of his service and for attention to the matter by his clerical staff and counsel, . . . ." Other than a copy of his verified answer, from which it appears that he had a meritorious defense to the action, no further evidence or affidavits were offered in support of the motion. The motion was made under the provisions of section 473 of the Code of Civil Procedure on the ground of inadvertence and excusable neglect.

In *Miller* v. *F. M. W. Drilling Co.*, 140 Cal.App.2d 728, 731 [295 P.2d 412], the court said: ". . . It is well settled that the granting of relief of this nature is a matter in which the trial court has a wide discretion, that this discretion should be exercised in the interest of seeing that justice is done, that this is particularly true where a prompt application for relief is made, and that the court's action will be disturbed only where an abuse of discretion clearly appears. [Citing cases.]"

The rules were recently summarized in *Reed* v. *Williamson*, 185 Cal.App.2d 244, 248-249 [8 Cal.Rptr. 39]:

"Plaintiff asserts the court abused its discretion in granting the motion. Code of Civil Procedure, section 473, providing that a trial court may relieve a party from 'a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect,' is remedial in its nature and is to be liberally construed. (*Friedrich* v. *Roland*, 95 Cal.App.2d 543, 552 [213 P.2d 423].)

The policy of the law is to have every litigated cause tried on its merits; and it looks with disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary. (29 Cal.Jur.2d, § 152, p. 95.) Reviewing courts have always looked with favor on orders excusing defaults and permitting controversies to be heard on their merits. Such orders are rarely reversed, and never unless it clearly appears that there has been a plain abuse of discretion. (*Jones* v. *Title Guaranty etc. Co.*, 178 Cal. 375, 376-377 [173 P. 586].) Even in a case where the showing under section 473 of the Code of Civil Procedure is not strong, or where there is any doubt as to the setting aside of a default, such doubt should be resolved in favor of the application. (*Garcia* v. *Garcia*, 105 Cal.App.2d 289, 291 [233 P.2d 23].) All presumptions will be indulged

in favor of the correctness of the order, and the burden is on the appellant to show that the court's discretion was abused. (*Estate of McCarthy*, 23 Cal.App.2d 398, 400 [73 P.2d 914].)

"In *Baratti* v. *Baratti*, 109 Cal.App.2d 917 [242 P.2d 22], we said (p. 921):

" 'Inadvertence is defined as lack of heedfulness or attentiveness, inattention, fault from negligence. (Webster's New Inter. Dict., 2d ed.; *Greene* v. *Montana Brewing Co.*, 32 Mont. 102 [79 P. 693, 694].) . . . The "excusable neglect" referred to in the section [Code Civ. Proc., § 473] is that neglect which might have been the act of a reasonably prudent person under the same circumstances. (*Elms* v. *Elms*, 72 Cal.App.2d 508, 513 [164 P.2d 936].)'

"In a matter in which an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contentions of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom. (*Wolfson* v. *Haddan*, 105 Cal.App.2d 147, 149 [233 P.2d 145].) . . ."

However, it was also said in *Gorman* v. *California Transit Co.*, 199 Cal. 246, at page 248 [248 P. 923]: "[T]he discretion thus to be exercised by the trial court is not capricious or arbitrary, but is an impartial discretion which must be guided and controlled in its exercise by fixed legal principles, and it should, therefore, appear that something more than mere inadvertence or neglect without reasonable excuse or justification existed, and that the inadvertence or neglect in question was not the result of mere forgetfulness on the part of the person or official charged with the duty of responding to the legal process in due time, but that such inadvertence or neglect was based upon other circumstances which would suffice to render the same excusable. . . ."

This court held that neglect was excusable where the attorney was confused as to the trial date, was appearing in a bankruptcy hearing at that time, and was informed by the trial judge that the case would be reset; but default was taken without further communication. (*Slack* v. *Murray*, 175 Cal.App.2d 558 [346 P.2d 826].) In *Bernards* v. *Grey*, 97 Cal.App.2d 679 [218 P.2d 597], we held that the trial court did not err in setting aside a default where the summons was served upon the defendant in court, while he was talking to his attorney, who placed the papers in his brief case while unaware of their true nature. In *Gorman* v. *California Tran-*

*sit Co., supra,* the Supreme Court held that the neglect was excusable where a file containing the complaint and summons was mistakenly removed from a traffic manager's desk by another employee and thus the traffic manager's attention was withdrawn amid the engrossing details of his department.

However, what is excusable neglect depends upon the facts of each case. (*Bernards* v. *Grey, supra.*) The affidavit on file herein shows that the defendant King placed the summons and complaint in his general file and inadvertently failed to make a notation of it. There is no indication that King did not understand the true nature of the papers; rather he called his business associate regarding the matter. There is no indication that the acts of any third person intervened, contributing to the inadvertence; rather the inadvertence herein was mere forgetfulness. To hold otherwise would be to abandon entirely the mandate of section 473. The facts of this case are strikingly similar to those in *Slater* v. *Selover,* 25 Cal.App. 525 [144 P. 298]; and *Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610 [301 P.2d 426].

Although we have concluded that the trial court abused its discretion in setting aside the default and allowing the respondent to answer, there was no error in setting aside the default judgment entered by the clerk.

Code of Civil Procedure, section 585, subdivision 1, provides: "In an action arising upon contract for the recovery of money or damages only, if the defendant has, or if more than one defendant, if any of said defendants have, been personally served and no answer or demurrer . . . has been filed with the clerk or judge of the court within the time specified in the summons, or such further time as may be allowed, the clerk, or the judge if there be no clerk, upon application of the plaintiff, and proof of such service of summons, must enter the default of the defendant or defendants, so served, and immediately thereafter enter judgment for the principal amount demanded in the complaint. . . ."

It should be noted at the outset that section 585, subdivision 1, is mandatory; in its terms it *requires* the clerk *or judge* to enter a default judgment where its terms are fulfilled.

Section 579 of the Code of Civil Procedure provides as follows: "In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

While the issue was not decisive in *Lynch* v. *Bencini,* 17 Cal. 2d 521, 529 [110 P.2d 662], the Supreme Court quoted with approval the language of the District Court of Appeal of the Fourth Appellate District: " 'The next question suggested is as to whether, assuming that the clerk otherwise had power under section 585 to enter this judgment, he had such power in view of section 579, which provides that in an action against several defendants the court may, in its discretion, render judgment against one and leave the action to proceed against the others whenever a several judgment is proper. To the extent that that section requires a court to exercise judicial discretion and decide whether a several judgment is proper before entering judgment against one defendant and allowing the action to proceed against others, that section seems to conflict with subdivision 1 of section 585, which seems to permit the clerk to enter a judgment against one of several defendants without regard to whether or not a several judgment is proper. This would seem to give the clerk more power in such a case than has the court and by exercising it the clerk would seem to be depriving the court of the opportunity of exercising the discretion imposed upon it by section 579. This case is an illustration of the good reasons that might exist for not depriving the court of the discretion mentioned in section 579. While all the signers of this contract were severally liable, they were also equally liable one with another. At the time the appellant defaulted, the defendant Gray had appeared and the action was still pending against him in what is, in a very real sense, the same obligation. It was, in fact, a case in which the matter should have been held in abeyance until it was also decided against Gray, although the judgment, when finally determined upon, would be equally applicable against both of these defendants. . . .' "

There is a statement to the same effect in *Trans-Pacific Trading Co.* v. *Patsy Frock & Romper Co.,* 189 Cal. 509, 513 [209 P. 357]. (Also see *Mirabile* v. *Smith,* 119 Cal.App.2d 685 [260 P.2d 179].)

It is clear that if there were no clerk of the court a judge acting under the present set of circumstances would be required to enter a default judgment under section 585, subdivision 1, but would be required to exercise discretion under section 579. We are of the opinion that the interests of justice may best be served by holding that section 579 constitutes an implied limitation upon the provisions of section 585, subdivision 1; also, the discretion which is to be exer-

cised is a judicial one to be exercised by the court and not the clerk. Therefore the default judgment entered was a nullity and the order vacating it was clearly proper. Furthermore, it would have been error for the trial court to fail to set aside the default judgment entered by the clerk. There is no judicial discretion vested in the clerk. It should be noted that what has been said does not apply to the clerk's duty to enter a default under section 585, subdivision 1, as section 579 is only concerned with discretion to be exercised by a trial court in entering judgment.

While it is true that questions not raised in the trial court will not be considered on appeal (3 Cal.Jur.2d 604), that rule is subject to exception where fundamental error or gross irregularity is involved. (3 Cal.Jur.2d 605.)

Upon remittitur the trial court may in its discretion render judgment against the defendant King, leaving the action to proceed against the others, or refuse to enter a final judgment against the defaulting defendant until after trial upon the merits. Where there are two or more defendants and the defenses interposed by an answering defendant go to "the whole right of the plaintiff to recover at all, as distinguished from his right to recover as against any particular defendant. . . . [A]nd when such defenses prove successful they enure to the benefit of the defaulting defendant, and final judgment must therefore be entered not only in favor of the answering defendant, but in favor of the defaulting defendant as well." (*Plott* v. *York*, 33 Cal.App.2d 460, 463 [91 P.2d 924]; see also *Mirabile* v. *Smith, supra; Nicholls* v. *Anders*, 13 Cal.App.2d 440 [56 P.2d 1289]; *Freeman* v. *Churchill*, 30 Cal.2d 453, 461 [183 P.2d 4]; *Marc Bellaire, Inc.* v. *Fleischman*, 185 Cal.App. 591 [8 Cal.Rptr. 650]; *Lynch* v. *Bencini, supra.*)

The order is reversed except insofar as it vacates the default judgment entered and in that respect it is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.