[Civ. No. 31400.   Second Dist., Div. Four.   Sept. 6, 1967.]

BETTY J. TURLEY, Plaintiff and Respondent, v. JAMES A. TURLEY, Defendant and Appellant.

Victor Dobrin for Defendant and Appellant.

Bernbaum & Gayle, Marvin Gayle and Robert S. Canter for Plaintiff and Respondent.

FOX, J.*—This is an appeal from an order of the superior court denying defendant's motion to vacate his default and set aside the interlocutory judgment of divorce and for permission to file his answer. The question presented is whether the court abused its discretion in denying defendant's motion. Plaintiff filed a verified complaint for divorce in December 1964. Subsequently, there was a conditional reconciliation between plaintiff and defendant based upon defendant's promise to refrain from the excessive use of alcoholic bever-

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

ages and upon his promise to seek professional assistance with his drinking problem. On March 17, 1966, plaintiff and defendant again separated. On that occasion plaintiff advised defendant that she was going to resume prosecution of her pending action for divorce. She further advised defendant that she had retained Marvin Gayle as her attorney and that she had instructed Mr. Gayle to proceed with the litigation on her behalf.

On March 24, 1966, defendant called Marvin Gayle and told Mr. Gayle that he did not desire to contest the divorce action and requested Mr. Gayle to prepare a property settlement agreement giving to plaintiff all of the community property of the parties. The parties have one minor child, a girl four years of age. Defendant also advised Mr. Gayle that he did not wish his wife to work and therefore desired to pay such sums for alimony and child support as would be necessary to relieve his wife of the necessity to work during the minority of the child. Mr. Gayle urged defendant to obtain his own attorney. Defendant stated that he did not believe this was necessary. He agreed to come to Mr. Gayle's office the next day to execute the documents necessary to carry out his intentions. During this conversation defendant declined to give Mr. Gayle either his address or his telephone number. Defendant failed, however, to appear at Mr. Gayle's office the next day.

Approximately 25 days elapsed without any further communication from defendant, so on April 18, a request for entry of defendant's default was filed.

On April 19, Mr. Gayle received a telephone call from Mr. Victor Dobrin, who stated that he represented defendant. Mr. Dobrin was advised by Mr. Gayle that he had already requested entry of the default of defendant. Mr. Dobrin was further advised that defendant's default would not be withdrawn voluntarily in view of the dilatory tactics on the part of the defendant. No further communication was had from either defendant or his attorney until May 10, at which time Dobrin was advised the case had been set for hearing as a default on May 13. When the case was called for trial, the court, after being advised of the foregoing facts, proceeded with the hearing and rendered an interlocutory decree of divorce which was entered on May 20, 1966. On June 2, defendant filed his notice of motion to vacate the default and set aside the interlocutory judgment and for permission to file his answer. Said motion was made on the ground that the judg-

ment had been taken by excusable neglect. The proposed answer consisted of one line.[1]

Said motion was supported by affidavits of defendant and his counsel. These were countered by affidavits filed by plaintiff and her attorney. Defendant's motion was denied on July 22, 1966. Defendant has appealed.

The law is clear that a motion for relief under section 473, Code of Civil Procedure, is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof the exercise of that discretion will not be disturbed on appeal. (*Couser* v. *Couser,* 125 Cal.App.2d 475 [270 P.2d 496].) In reviewing the propriety of an order made in response to such a motion we must assume in support of the order that the trial court resolved the conflicts in the affidavits in favor of the respondent. (*Warren* v. *Warren,* 120 Cal.App. 2d 396, 400 [261 P.2d 309].)

It will be recalled that appellant sought to have the default vacated and the judgment set aside solely upon the ground that the judgment was taken as a result of his excusable neglect. The burden of proof on such a motion is, of course, on the moving party who must establish his position by a preponderance of the evidence. (*Luz* v. *Lopes,* 55 Cal.2d 54, 62 [10 Cal.Rptr. 161, 358 P.2d 289].)

At the time of the last separation of the parties on March 17, 1966, appellant was aware that respondent intended to pursue the prosecution of her complaint for divorce. Appellant expressed his desire not to contest said action and further indicated to respondent and her attorney that he wished to arrange for a transfer of the community property to respondent and provide for her support as well as the support of the minor child. No steps were taken by appellant to file an answer or any other pleading or obtain an extension of time so to do. His responsibility in this respect is well stated in *Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [164 P.2d 936] : "It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will

---

[1]Defendant "denies each and every allegation contained in paragraph V" of the complaint. Paragraph V alleges that defendant treated plaintiff with extreme cruelty, etc.

be denied. . . . Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs." This was quoted with approval in *Luz* v. *Lopes, supra,* page 62. Appellant clearly failed to meet the standards thus stated. Appellant's only stated reason for not filing pleadings or otherwise contesting the action was his statement that he was negotiating a settlement of the marital rights with his wife. This allegation was expressly denied by both his wife and her attorney and the court impliedly accepted their version of this phase of the matter. ▮ Furthermore, the negotiation of a possible settlement does not excuse the failure to proceed with due diligence in the filing of pleadings, absent some understanding that pleadings need not be filed while negotiations are in process. Apposite here is the statement of the court in *Lukasik* v. *Lukasik,* 108 Cal.App.2d 609, 612 [239 P.2d 497] : "Appellant seeks to excuse the obvious failure to exercise his rights to contest respondent's cause by averring that he was engaged during the long intervening period between the service upon him of the complaint and the entry of the interlocutory decree in attempting to negotiate a settlement. Undoubtedly such negotiations did take place, but unless accompanying such negotiations there is something in the nature of at least an oral stipulation that pleadings need not be filed and that a default will not be taken, or in the absence of something from which such an agreement can be implied, so that it can be said that the taking of the default amounted to a breach of faith, the negotiation proceedings do not excuse the failure to proceed with due diligence in the filing of pleadings."

▮ Appellant's one sentence proposed answer to respondent's verified complaint denied that he has treated respondent with cruelty. Thus, appellant admits, *inter alia,* that respondent was a fit and proper person to have the custody, care and education of the child; and further appellant admits that he is not a fit or proper person to have the care or control of the child, and that the best interests of the minor child demand that custody be kept with respondent. Appellant's declaration reveals that he did not desire to contest the grounds for divorce, however, but only their marital rights. The proposed answer hardly reveals any good or sufficient defense to respondent's cause of action.

Appellant relies heavily on *Garcia* v. *Garcia,* 105 Cal.App. 2d 289 [233 P.2d 23]. In that case the court specifically mentioned that "plaintiff did not file a counteraffidavit" to that

filed by defendant in support of her motion to set aside default and default judgment on the ground of mistake, inadvertence, surprise and excusable neglect and for permission to file her answer and cross-complaint. The court also noted that (p. 292): "The facts stated in defendant's affidavit reveal that at no time was she represented by counsel." In the instant case the record reveals that appellant employed counsel not later than April 19, 1966. This was more than three weeks before the default hearing of the divorce case which resulted in an interlocutory decree being granted to respondent. Yet, no action was taken in that interval to have appellant's default vacated.

The opinion in the *Garcia* case reveals facts which indubitably indicate that defendant believed and relied upon the representations that a settlement of the property rights of the parties would be effected. There is no comparable evidence in the case at bench.

It is thus apparent that the *Garcia* case is clearly distinguishable from the instant case.

The order is affirmed.

Files, P. J., and Kingsley, J., concurred.