[Civ. No. 27426. First Dist., Div. One. Oct. 6, 1970.]

GRANT SANFORD et al., Plaintiffs and Respondents, v.
HENRY F. SMITH et al., Defendants and Appellants.

## COUNSEL

Low & Ball and Raymond Coates for Defendants and Appellants.

William C. Dixon for Plaintiffs and Respondents.

## OPINION

**ELKINGTON, J.**—Defendants Henry F. Smith and Black & White Taxi-cab Company appeal from a superior court order denying their motion, under Code of Civil Procedure section 473, to set aside their default and a default judgment which was thereafter entered.

Plaintiffs and respondents Grant Sanford and Walter Huntley have chosen not to file a brief on the appeal. Since defendants have waived oral argument we have submitted the "case for decision on the record and on the appellants' opening brief," in accordance with rule 17(b), California Rules of Court.

On April 8, 1963, an automobile occupied by plaintiffs Grant Sanford and Walter Huntley collided with a cab of Black & White Taxicab Company driven by Henry F. Smith. The Black & White Taxicab Company was owned by Joseph Sans; he did business individually under that name.

On May 20, 1963, plaintiffs' attorney, Mr. William C. Dixon, wrote to the cab driver Henry F. Smith, at *702* (his address was *704*)—24th Street, Oakland, as follows:

"This office has been retained by Mr. Grant Sanford and Mr. Walter Huntley to represent them in a claim for damages against you. This claim is for personal injuries received in an automobile accident on the above date in Berkeley, California, near the Berkeley Dumpyard.

"Kindly refer this communication to your insurance company and request them to contact the undersigned so that we might discuss this matter. It is the policy of this office to withhold immediate legal action in an effort to effect a settlement which will be satisfactory to all parties. To that end we will expect to hear from you or your representative within five days of receipt of this letter."

Mr. Smith received the letter and as requested referred it to his employer's insurance carrier, Colonial Insurance Company (Colonial).

On June 7, 1963, Colonial replied to the letter as follows:

"Thank you for your May 20th letter addressed to Henry Smith in connection with the above matter.

"This office represents the employee-insurance carrier for Mr. Smith's employer and we will appreciate hearing from you at your early convenience in connection with the injuries and medical reports of your clients.

"Thank you for your assistance."

Hearing nothing from Mr. Dixon, Colonial on August 22, 1963, sent another letter:

"Dear Mr. Dixon:

"We have not had a response to our June 7th inquiry relative to your clients in this matter and we are wondering if there is anything we can do to expedite settlement discussion.

"May we hear from you please?"

This letter also went unanswered. On November 15, 1963, still another letter was posted:

"Dear Mr. Dixon:

"We are wondering if your file on the above matter is now complete enough so that you are in a position to discuss settlement.

"May we hear from you please?"

It went unanswered.

By January of 1964 the company did have a discussion, apparently by telephone, with Mr. Dixon. "He advised that he would get a medical report from the attending physicians within the next few days and would telephone . . . so that we may make some effort towards settling."

On April 8, 1964, the last day permitted by the statute of limitations (Code Civ. Proc., § 340), Mr. Dixon on behalf of the plaintiffs filed an action against Henry F. Smith and the Black & White Taxicab Company.

On June 18, 1964, Colonial and Mr. Dixon had a further discussion. He indicated "he has a medical report which is supposedly up to date. He has promised to mail a copy of the report to us so that we may attempt settlement negotiations." However, the company did not hear from him so on or about September 21, 1964, the file was changed from an "open status."

In June of 1966 Colonial did hear from Mr. Dixon. He advised that he "would send a copy of the complaint and demand for settlement." But he did not do so.

Joseph Sans, the owner of Black & White Taxicab Company, died in 1966. At the time of his death he had not been served with summons and complaint in the action.

April 8, 1967 was the third anniversary of the filing of the action, and summons had not been served and returned. Personal service on defendants thereafter could reasonably be expected to trigger a prompt,

and probably successful, motion to dismiss the action under Code of Civil Procedure section 581a.

At no time did Mr. Dixon state to Colonial that he was unable to locate defendants for service of summons, or make inquiry of the company as to where they could be found. The not-uncommon suggestion that the insurance carrier or its attorney accept service of summons was never made.

On October 30, 1967, without notice to or knowledge of Colonial or the defendants, Mr. Dixon signed and filed a "Declaration for Order for Publication of Summons" in the action. As material it recited: ". . . that the last known address of defendant is 704 - 24th Street, Oakland, California; that after due search and diligence, declarant believes the following to be true: That service have been attempted on Black & White Taxi Cab Company on numerous occasions and we have been unable to locate a Black & White Taxi Cab Company or its driver, Henry F. Smith. The address given by both defendants, mentioned herein, are not the premises upon where said defendants are located. Attempts to serve these defendants by Attorneys Messenger Service and Tri-Bridge process servers have been to no avail. Upon information and belief, it is thought that said Black & White Taxi Cab Co. is no longer in business and cannot be located. A check with Department of Motor Vehicles fails to disclose any license for said business or any record information for Henry F. Smith."

An "Order for Publication of Summons on Complaint" was made and entered. The order provided that summons also be served by mail on defendants at "702 - 24th Street, Oakland," instead of 704 - 24th Street which was stated in the declaration to be the last known address of the defendants. Thereafter an employee of Mr. Dixon made a declaration of service of summons on defendants by mail. The declaration showed the service to have been directed to 702 - 24th Street. Summons was thereafter published in accordance with the order.

On March 7, 1969, at the request of Mr. Dixon, the default of both defendants was entered. Somehow learning of this, Colonial arranged for counsel to represent them. On March 18, 1969, defendants' counsel served by mail on Mr. Dixon a "Notice of Motion to Vacate Entry of Default, Default, Quash Service of Summons, Set Aside Order Allowing Substituted Service by Publication of and Motion to Dismiss for Failure to Serve and Return Summons within Three Years." The motion was set to be heard on March 28, 1969.

A supporting and unrefuted declaration of defendant Henry R. Smith declared:

"At the time of the accident, I resided at 704 - 24th Street in Oakland,

California. I continued to reside at that address until June of 1963. At that time I changed my residence address to 5601 Market Street in Oakland, California. I have continuously resided at that address from June of 1963 until the present time. At the time that I changed my residence address, I notified the Post Office of this change and have always received any mail sent to my old address. At the same time, I notified the Department of Motor Vehicles, the Registrar of Voters, and the Telephone Company of this change.

"Since the date of the accident until the present date, the longest period I have been out of the State of California has been a couple of weeks each summer for vacation. Other than those times, I have continuously resided within the City of Oakland in the State of California. Since June 5, 1964, I have been doing business as Smith Taxicab Company. In the beginning, my business address was the same as my residence address—5601 Market Street, Oakland, California. In recent years, I have been operating under the colors of Associated Cab Company, whose business address is 1753 7th Street, Oakland, California.

"I have not been personally served with summons or complaint in this matter, nor have I been served by mail or in any other manner with a copy of the summons and complaint. During the period of my residence in the State of California, I have not made any effort to avoid service or process in this proceeding. I have not conspired with anyone or made any effort to avoid service or process. I have never rejected a registered letter or certified letter and have always accepted mail addressed to me. I have not been served by the Corporation Commissioner or by another party. This is true even though I have been in the state continuously since the date of the accident, except for the instances noted, and have always been available for service of summons continuously since the date of the accident."

On March 20, 1969, in the absence and without the knowledge of defendants' counsel, Mr. Dixon appeared in court and requested judgment on defendants' default. The pending motion appears not to have been brought to the attention of the court. After hearing testimony the court ordered judgment against defendants in favor of plaintiff Sanford for $2,500 and plaintiff Huntley for $1,000. The judgment was thereafter entered on April 4, 1969.

Defendants' motion to vacate entry of default, etc., after continuance, came on for hearing April 14, 1969. The court ordered the motion denied. Such an order is not appealable. (*Batte* v. *Bandy,* 165 Cal.App.2d 527, 539 [332 P.2d 439].)

Around this time defendants' counsel learned of the April 4, 1969, entry

of the default judgment, from which only a right of limited appeal existed. (See *Bristol Convalescent Hospital* v. *Stone,* 258 Cal.App.2d 848, 858 [66 Cal.Rptr. 404].) Under the provisions of Code of Civil Procedure section 473 he promptly moved to set aside the default and the default judgment. On the hearing of this motion the court had before it the evidence and the record of the proceedings which we have related. Nevertheless, the motion was denied.

It is from the order refusing to set aside the default and the default judgment under Code of Civil Procedure section 473 that the instant appeal is taken. Such an order is appealable. (Code Civ. Proc., § 904.1; *Palmese* v. *Superior Court,* 193 Cal.App.2d 600, 602-603 [14 Cal.Rptr. 453].)

■ An application for relief under section 473 is addressed to the sound discretion of the court. (*Arko* v. *Starsevich,* 237 Cal.App.2d 84, 86 [46 Cal.Rptr. 596].) This discretion should be exercised with a view to seeing that justice is done, particularly when prompt application for relief is made. (*Kooper* v. *King,* 195 Cal.App.2d 621, 625 [15 Cal.Rptr. 848].) ■ And it is the policy of the law to have every litigated case tried on its merits. It "looks with disfavor on a party who, regardless of the merits of his cause, attempts to take advantage of the mistake, surprise, inadvertence, or neglect of his adversary." (*Reed* v. *Williamson,* 185 Cal.App.2d 244, 248 [8 Cal.Rptr. 39].)

■ There must be strict compliance with the statutory provisions (Code Civ. Proc., §§ 412, 413) for substituted service; the statutory conditions upon which such service depends will be strictly construed. (*Eagle Elec. Mfg. Co.* v. *Keener,* 247 Cal.App.2d 246, 251 [55 Cal.Rptr. 444].)

Code of Civil Procedure section 412 provides that the facts establishing diligence to effect personal service must appear "by affidavit to the satisfaction of the court." ■ "When the statute uses the words 'appears by affidavit,' it means more than an affidavit as to what someone told the party making the affidavit. There must be an oath to some fact at least. . . ." (*Columbia Screw Co.* v. *Warner Lock Co.,* 138 Cal. 445, 447-448 [71 P.2d 498].) ■ A test of the sufficiency of the affidavit is whether it is so clear and certain that a charge of perjury could be sustained if its specified facts showing diligence are false. (*In re Behymer,* 130 Cal.App. 200, 203 [19 P.2d 829]; *Columbia Screw Co.* v. *Warner Lock Co., supra,* pp. 447-448.) ■ The declaration on which an order for the publication of summons is based must state probative facts of the declarant's own knowledge rather than hearsay information or merely legal conclusions. (*Kahn* v. *Matthal,* 115 Cal. 689, 692 [47 P. 698]; *Eagle Elec. Mfg. Co.* v. *Keener, supra,* 247 Cal.App.2d 246, 252; *Miller* v. *Superior Court,* 195

Cal.App.2d 779, 783 [16 Cal.Rptr. 36]; *Narum* v. *Cheatham*, 127 Cal. App. 505, 507-508 [15 P.2d 1106]; *Wilson* v. *Leo*, 19 Cal.App. 793, 794-795 [127 P. 1043].) ▇ It has no probative value if it is hearsay as to the declarant and based on unsworn information. (*Miller* v. *Superior Court, supra,* p. 784.)

▇ Declarations devoid of averment of facts personally known to the declarant to be true, that due diligence was exercised to effect personal service, "have consistently been held to be insufficient, and orders for service by publications based on [such declarations] have uniformly been held to have been beyond jurisdiction and void. . . . ▇ It is established that, where orders for publication of summons are void by reason of the insufficiency of the affidavits therefor, defaults and default judgments entered and rendered on service made pursuant thereto are likewise void on their face, and should be set aside. . . . No reason appears why the same rule should not apply to a default and default judgment entered on substituted service made pursuant to an insufficient affidavit and void order for substituted service such as that here." (*Batte* v. *Bandy, supra,* 165 Cal.App.2d 527, 534, 536; see also *Cavin Memorial Corp.* v. *Requa,* 5 Cal.App.3d 345, 357 [85 Cal.Rptr. 107].)

▇ In the light of the foregoing rules we analyze the declaration of Mr. Dixon upon which the order for publication of summons and in their turn, the default and the default judgment, were based.

It seems obvious that the statements—"That service have been attempted on Black & White Taxi Cab Company on numerous occasions and we have been unable to locate a Black & White Taxi Cab Company or its driver, Henry F. Smith. The address given by both defendants, mentioned herein, are not the premises upon where said defendants are located. Attempts to serve these defendants by Attorneys Messenger Service and Tri-Bridge process servers have been to no avail"—were not of Mr. Dixon's own knowledge, but were instead his conclusions based upon alleged hearsay information from others. There are no oaths on the part of the hearsay declarants and as to them a charge of perjury would not lie even if their information was false.

The remaining statements of Mr. Dixon—"Upon information and belief, it is thought that said Black & White Taxi Cab Co. is no longer in business and cannot be located. A check with Department of Motor Vehicles fails to disclose any license for said business or any record information for Henry F. Smith"—are even more patently deficient. His "thought" based upon "information" which he "believes," falls far short of the laws' require-

ment of "probative facts of the declarant's own knowledge." So also does the statement about a "check with the Department of Motor Vehicle" by a person or persons undisclosed.

It is noted that all of the statements of Mr. Dixon's declaration are further sapped of probative vitality by his qualifying comment that "declarant believes [not 'knows'] the following to be true."

█ "Discretion" implies the absence of arbitrary determination and the exercise of discriminating judgment within the bounds of reason. (*People* v. *Keller,* 245 Cal.App.2d 711, 715 [54 Cal.Rptr. 154].) █ In the light of this test, the law, and the record before us, it becomes manifest that the failure of the superior court to grant defendants relief under Code of Civil Procedure section 473 was an abuse of discretion. The order denying such relief must be reversed.[1]

---

[1]The instant appeal has been resolved by us on the record which was before the superior court. However, because of what we consider gross abuse of the trial court's discretion on that record, attaches of this court have made inquiries into matters of public record and of common knowledge of which courts may ordinarily take judicial notice. (See Evid. Code, § 452.) Without excessive effort they have found the following.

The City of Oakland telephone books for the years 1963 through 1969 discloses these telephone listings:

1963
 "Smith, H. F., Rev. 704-24 Street, Oakland"
1964
 "Smith, H. F., Rev. 704-24 Street, Oakland"
1965
 "Smith, H. F., Rev. 5601 Market Street, Oakland"
1966
 "Smith, H. F., Rev. 5601 Market Street, Oakland"
1967
 "Smith, H. F., Rev. 5601 Market Street, Oakland"
1968
 "Smith, H. F., Rev. 5601 Market Street, Oakland"
1969
 "Smith, H. F., Rev. 5601 Market Street, Oakland"

The Alameda County Election and Registration Department records disclose that Henry F. Smith, 5601 Market Street, has been a registered voter continuously since August 23, 1964.

The Oakland City Directory published in 1967, following its nonpublication for several years, lists "Smith, Henry F., Rev. (Associated Cabs) H. 5601 Market Street."

The public records of the Motor Vehicle Department at Sacramento disclose that Henry F. Smith made three applications for permits to drive taxicabs during the period 1963-1966. The dates and given addresses were: August 26, 1963—704 24th Street, Oakland; August 17, 1965—5601 Market Street, Oakland; March 7, 1966—5601 Market Street, Oakland.

The Oakland Municipal Code requires that city's police department to maintain

Defendants have expressly waived the benefit of the provisions of Code of Civil Procedure section 583 relating to bringing an action to trial within five years. They have not waived the benefit of Code of Civil Procedure section 581a concerning the service and return of summons within three years. They will accordingly be permitted to take such proceedings under section 581a as they may be advised; plaintiffs may assert such reasons as may exist against the operation of the section.

 It is of the nature of service by publication and mailing that the defendant *may* not in fact receive actual notice requiring him to appear and defend the action before his money or property is seized under a default judgment. Reason, fairness, and we think, due process require that a plaintiff be held to a high standard of diligence in attempting to locate his adversary before being permitted to resort to such substituted service. The point is well illustrated by the near miscarriage of justice in this case. It should not need be said that ex parte applications to serve process by publication, because of claimed inability to locate a defendant, should be carefully scrutinized by the court.

We note a commendable effort of the Los Angeles County Superior Court to prevent the occurrence of such an episode as has here been revealed. Rule 11 of that court (1A McKinney, New Cal. Dig. (Recompiled), pp. 318-320) relating to "Publication of Summons" requires:

"Where the ground is that the defendant cannot, after due diligence, be found within the State, the affidavit must allege (1) the place of residence or last known place of residence of the defendant; (2) recent inquiries of all known relatives, friends, and other persons likely to know the whereabouts of the defendant, together with the names and addresses of such persons, and the dates and results of such inquiries; (3) recent search of the latest city directory (if issued within five years), the latest telephone directory, the latest tax rolls, and the latest register of voters, covering the place in Los Angeles County where the defendant is known to have lived, otherwise covering at least the city of Los Angeles with searches of the latest directories published by Pacific Telephone and Telegraph Company for its 'Los Angeles Extended Area,' together with the dates and results of such searches and of the follow-up of identical names; (4) and recent inquiries of all occupants and of neighbors of real estate involved in the action which is not alleged to be vacant, together with dates, names and

---

records of persons permitted, after investigation, to drive taxicabs in that city. These public records indicate the listed address of taxicab driver Henry F. Smith to have been 704-24th Street, Oakland, until 1964 when it was changed to and still remains, 5601 Market Street of that city.

addresses of such persons, and the results of such inquiries." Courts elsewhere would be well advised to follow some such similar practice.

The order denying defendants' motion to set aside their default and the default judgment is reversed.

Molinari, P. J., and Sims, J., concurred.