[Civ. No. 33893. First Dist., Div. Three. July 12, 1974.]

In re MICHELLE DEANN BEEBE, a Minor.
CONTRA COSTA COUNTY SOCIAL SERVICE DEPARTMENT,
Plaintiff and Respondent, v.
HUGH BEEBE, Defendant and Appellant.

Steve R. Mittleman for Defendant and Appellant.

John B. Clausen, County Counsel, and Richard A. Bortolazzo, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**DRAPER, P. J.**—Contra Costa County Social Service Department, respondent herein, petitioned below for an order (Civ. Code, § 232 et seq.) declaring a four-year-old minor free of the custody and control of her father, appellant here. Following the death of his wife, appellant had requested that their child be placed in a foster home. She was made a ward of the juvenile court as a dependent child, and placed in a foster home.

The verified petition for declaration of abandonment alleged "the names and addresses of the parents and relatives," including "Father: HUGH HERBERT BEEBE, address unknown." On the same day the petition was filed, and with no other showing, the court made its order fixing date of hearing, directing issuance of citation, and ordering service thereof to be made by publication in a Martinez newspaper. Publication was made. No other service was made or attempted upon the father. He failed

to appear at the hearing. His daughter was declared free of his custody and control, apparently preparatory to adoption proceedings. The father filed timely notice of appeal. The only issue is the adequacy of the showing made to support the order for service of citation upon the father by publication.

A statute (Civ. Code, § 235) provides for issuance of citation upon filing of a petition of this type. Subdivision (a) provides: "Such citation shall be served in the manner provided by law for the service of a summons in a civil action, other than by publication." Subdivision (b) provides that "[i]f the father or mother of such minor person . . . cannot, with reasonable diligence, be served as provided for in subdivision (a), or if his or her place of residence is not known to the petitioner," an affidavit to that effect shall be filed, and "[t]hereupon the court shall make an order that the service be made . . . publication . . . ."

In light of the provision (Civ. Code, § 235) for service of the citation, the statute governing service of summons by publication (Code Civ. Proc., § 415.50) does not control. Reference to the latter section, however, is helpful in construing section 235. Section 415.50 permits service by publication only upon a showing that the party "cannot with reasonable diligence be served" personally. Section 235 authorizes publication if the parent "cannot, with reasonable diligence, be served" personally, "or if his or her place of residence is not known to the petitioner." Thus both sections contain a requirement of "reasonable diligence." A literal application of the second quoted clause of section 235, however, could permit publication if petitioner merely states that he does not know the parent's place of residence, without any showing of the slightest effort to discover that address, or even if a petitioner had intentionally refrained from inquiry. Finding one's address is a major element in any diligent effort to serve him personally. It is difficult to conceive of "reasonable diligence" in attempting service without some diligence in seeking his address.

Sections 235 and 415.50 both represent an effort by the Legislature to assure due process by giving adequate notice to a party directly concerned. Section 415.50, dealing with service of summons, clearly requires "a thorough, systematic investigation and inquiry conducted in good faith" (Comment, Judicial Council, re § 415.50). This but restates the rule long adopted by the courts under earlier statutes providing for substituted service (*Sanford* v. *Smith*, 11 Cal.App.3d 991, 998-999 [90 Cal.Rptr. 256], and cases there cited). We find no reason to require greater care in giving notice of an action for money or property than for one designed to

deprive a party of his parental status. The parent has a constitutional right to notice of such a proceeding (*Armstrong* v. *Manzo,* 380 U.S. 545, 550 [14 L.Ed.2d 62, 65-66, 85 S.Ct. 1187]).

█ We hold that no less diligence is required in seeking to locate a parent sought to be deprived of custody and control of his child than is required under section 415.50 in an action for money. On a strict and literal reading of section 235, it could be argued that the court is mandated to order publication upon the mere conclusory allegation "address unknown" made in the verified petition here. Such construction, however, would fly in the face of the obvious legislative effort to comport with due process in the service of both summons and citation. We construe section 235 to require a showing of due diligence to locate and serve the parent as a prerequisite to an order for service upon him by publication.

Order reversed.

Brown (H. C.), J., and Devine, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.