[Civ. No. 20106. Second Dist., Div. One. May 25, 1954.]

RALPH S. COUSER, Respondent, v. M. VIRGINIA COUSER, Appellant.

Arthur A. Jones for Appellant.

David Lynn for Respondent.

DRAPEAU, J.—Plaintiff and defendant lived together as husband and wife for nearly seven years. They had no children. The husband was granted an uncontested interlocutory decree of divorce from the wife March 18, 1953. The two parties had entered into a property settlement agreement, which was approved by the interlocutory decree. The wife had also quitclaimed the family home to the husband.

June 11, 1953, the wife filed notice of motion under section 473 of the Code of Civil Procedure, to vacate the interlocutory decree, and to set aside the property agreement and the quitclaim deed. The wife also asked for an allowance for counsel fees and costs.

The motions were submitted to the trial court on affidavits of the two parties and of others, and the testimony of the husband.

Defendant wife appeals from the court's order denying her motion to set aside her default, the interlocutory decree of divorce, and the property settlement agreement; also from the order dismissing the order to show cause relative to attorney's fees and costs.

Defendant asserts and argues that her husband was much older than she was; that he employed skilled legal counsel while she was at all times without independent legal advice; that before she signed the property agreement and the quitclaim deed in her husband's lawyer's office her husband promised her she would get half of the family home and its furnishings; that her husband said that any papers she signed "were to protect her because she was a young woman and needed protection." The husband's testimony and affidavits controverted all of the wife's assertions, except that she was without independent legal advice.

In the well considered case of *Elms* v. *Elms*, 72 Cal.App.2d 508, at page 513 [154 P.2d 936], the guiding rules to be followed by trial courts in considering motions under section 473 of the Code of Civil Procedure are stated:

"One may not be relieved from his default unless he makes a showing that he has acted in good faith and demonstrates that his excusable neglect was the actual cause of his failure to attend the trial. Neither one's change of mind nor his inexcusable negligence is ground for vacating a judgment. To warrant relief under section 473 a litigant's neglect must have been such as might have been the act of a reasonably prudent person under the same circumstances. The inadvertence contemplated by the statute does not mean mere inadvertence in the abstract. If it is wholly inexcusable it does not justify relief. (Freeman on Judgments, 5th ed., vol. 1, p. 482; *Shearman* v. *Jorgenson*, 106 Cal. 483, 485 [39 P. 863].) It is the duty of every party desiring to resist an action or to participate in a judicial proceeding to take timely and adequate steps to retain counsel or to act in his own person to avoid an undesirable judgment. Unless in

arranging for his defense he shows that he has exercised such reasonable diligence as a man of ordinary prudence usually bestows upon important business his motion for relief under section 473 will be denied. (Freeman, 483, 5th ed.) Courts neither act as guardians for incompetent parties nor for those who are grossly careless of their own affairs. All must be governed by the rules in force, universally applied according to the showing made. (*Gillingham* v. *Lawrence*, 11 Cal.App. 231 [104 P. 584].) The law frowns upon setting aside default judgments resulting from inexcusable neglect of the complainant. The only occasion for the application of section 473 is where a party is unexpectedly placed in a situation to his injury without fault or negligence of his own and against which ordinary prudence could not have guarded. Neither inadvertence nor neglect will warrant judicial relief unless it may reasonably be classified as of the excusable variety upon a sufficient showing. (*Hughes* v. *Wright*, 64 Cal.App.2d 897 [149 P.2d 392].)"

The test on appeal is whether or not the trial court abused its discretion. And the facts must be viewed from the standpoint of those adduced by the prevailing party. (*Davidson* v. *Davidson*, 90 Cal.App.2d 809 [204 P.2d 71].)

Where the evidence (including the affidavits) is conflicting the court has a sound discretion to grant or to deny a motion under section 473 of the Code of Civil Procedure. In the absence of a clear showing of abuse of discretion, the order will not be interfered with on appeal. (*Trujillo* v. *Trujillo*, 71 Cal.App.2d 257 [162 P.2d 640].)

The bare fact that a wife is not represented by counsel in negotiations respecting a property agreement, or in proceedings preliminary to an uncontested interlocutory decree of divorce, does not compel a court to set aside the property agreement or the decree. (*Davidson* v. *Davidson, supra,* 90 Cal.App.2d 809.) As in the Davidson case, the evidence in this case supports the trial court's implied finding that counsel for the husband in no way took advantage of the fact that the wife was not represented by counsel. However, nothing said here is to be deemed an approval of divorce settlements in which one party only has a lawyer. As observed in the Davidson case, it is much better for all concerned if both sides have independent counsel.

It is also within the sound discretion of the trial court to allow or to deny defendant's application for counsel fees and costs. The allowance of counsel fees in divorce cases is

not a matter of right. Each case must stand on its own merits. What might be a proper order in one case might be clearly improper in another. (*McClure* v. *Donovan,* 86 Cal.App.2d 747 [195 P.2d 911].)

In this case no abuse of discretion appears in the denial of any of defendant's motions or in the dismissal of the order to show cause.

The orders are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.