[Civ. No. 7058.   Fourth Dist.   Apr. 18, 1963.]

ARNOLD M. BENITO, Plaintiff and Respondent, v. EDNA M. BENITO, Defendant and Appellant.

Fullerton & Morris for Defendant and Appellant.

Bayard R. Rountree for Plaintiff and Respondent.

COUGHLIN, J.—The plaintiff and defendant are husband and wife, respectively. Preliminary to the institution of a divorce action by the former against the latter, the parties conferred about the same; discussed a division of their property; agreed upon the terms of a property settlement agreement; and also agreed upon a provision for the payment of alimony. Thereafter, a complaint was filed; the defendant made a written appearance; stipulated that her default be taken; and, in due course, an interlocutory judgment of divorce was entered which decreed that the plaintiff was entitled to a divorce, approved the property settlement agreement as made, and ordered the plaintiff to pay the defendant $70 per month alimony, subject to further order of the court in the premises. The defendant wife was not represented by an attorney; claims that she wanted to effect a reconciliation with her husband, and in discussing this matter with his attorney was told that "he [the attorney] couldn't be positive but he was almost sure that if defendant would go along with the plaintiff and not antagonize him and the property settlement agreement were executed and the interlocutory decree pushed through, plaintiff would start to relax and unwind and come back to the defendant"; also claims that the property settlement agreement was unfair in that it did not effect an equal division of the property; and states that since obtaining the interlocutory decree of divorce the plaintiff has indicated that he does not intend to effect a reconciliation.

Within the six-month period prescribed by section 473 of the Code of Civil Procedure, the defendant moved to set aside her default and the interlocutory judgment upon the ground that they were entered "by reason of fraud, actual and constructive, practiced upon defendant by plaintiff and through the mistake, inadvertence and excusable neglect of defendant induced by words and conduct of plaintiff and his said attorney, defendant being without independent counsel and advice

concerning the matter." The motion was heard upon affidavits and a transcript of the testimony admitted upon the hearing preceding entry of the interlocutory judgment, and was denied. The defendant appeals, contending that the order of denial constituted an abuse of discretion.

■ "A motion for relief under section 473 is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse thereof the exercise of that discretion will not be disturbed on appeal." (*Coyne* v. *Krempels,* 36 Cal.2d 257, 263 [223 P.2d 244]; *Gudarov* v. *Hadjieff,* 38 Cal.2d 412, 418 [240 P.2d 621]; *Couser* v. *Couser,* 125 Cal. App.2d 475, 477 [270 P.2d 496].)

■ In reviewing the propriety of an order made in response to such a motion, that evidence which supports the conclusion of the trial court will be accepted, whereas that which is opposed to it will be rejected (*Primm* v. *Primm,* 46 Cal.2d 690, 693 [299 P.2d 231]; *Griffith Co.* v. *San Diego Col. for Women,* 45 Cal.2d 501, 507-508 [289 P.2d 476, 47 A.L.R.2d 1349]; *Knight* v. *Pacific Gas & Elec. Co.,* 178 Cal.App.2d 923, 928 [3 Cal.Rptr. 600]; *Warren* v. *Warren,* 120 Cal.App. 2d 396, 400 [261 P.2d 309]); and a finding of every fact essential to an affirmance of such an order is implied therein, providing the evidence is sufficient to support the same. (*Griffith Co.* v. *San Diego Col. for Women, supra,* 45 Cal.2d 501, 507-508.) The facts in the case at bar will be stated in light of these rules.

■ Mr. and Mrs. Benito had been married for 22 years; were the parents of an adult son; had acquired community property; and separated in March 1961. For a "long time" prior to separation the defendant-wife found fault with, criticized and ridiculed the plaintiff, her husband. He made the best of this situation until their son became 21 years of age, and then decided that he was going to get a divorce. At a conference in the office of the plaintiff's attorney, the parties discussed a possible reconciliation; the defendant stated that she was anxious to save the marriage but realized that she had been at fault and would have to make many changes; the plaintiff stated that he would insist on a divorce but there would be a year after the interlocutory judgment was entered before it became final and if, during that period of time, the defendant had changed her ways for the better and he was satisfied that she had so changed, a reconciliation could be effected; and the plaintiff's attorney advised the

defendant "that he could not represent her and that she was entitled to be represented by counsel of her own choosing," to which the defendant replied that "she did not wish an attorney as she was interested in saving the marriage if possible." In the course of the foregoing discussion the plaintiff made it clear to the defendant that any reconciliation between them could be effected only if she changed her attitude and conduct toward him and he was satisfied that such change was real and permanent; and he also made it clear that he would insist on proceeding with the divorce action either as a default or as a contested matter, as she might determine. At this conference the plaintiff stated his wish that the community property be divided equally between the parties; there was considerable discussion as to the details of this agreement, in the course of which it appeared that there was a difference of opinion as to the market value of some of the property involved; it was agreed that a third party should appraise the same; this was done; and the ultimate agreement between the parties was based on this appraisal. The defendant was familiar with the nature and extent of all the community property, as she drew all checks in payment of the family bills, taxes, insurance and other matters relating thereto and to the business of the parties. It appears that each of them failed to have in mind a policy of life insurance in which the plaintiff was the named insured and, for this reason, it was not included within the terms of their agreement. However, the defendant had written checks to pay the premiums thereon and there is no indication that the noninclusion of this policy as an item of community property was the result of any wrongful conduct on the part of the plaintiff. Although the plaintiff was adjudged the innocent party by the interlocutory decree, nevertheless, he previously had agreed to pay the defendant alimony and, in accord with this agreement, she was awarded $70 per month subject to modification by order of court. As a whole, the evidence adequately supports a finding that the terms of the property settlement were fair to both parties. The attorney for plaintiff believed that there was an excellent chance for the parties to become reconciled before entry of the final decree if the defendant changed her attitude and conduct toward the plaintiff; told the defendant before she signed the property settlement agreement and the stipulation to enter default that she had "a perfect right not to sign and to defend the divorce action"; but also told her that "if she wished to pursue her desire for a reconciliation it would be better to

execute said Agreement and allow the divorce action to proceed."

Accepting the facts as stated, although there is a conflict in the evidence with respect thereto which must be disregarded on appeal (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12]), it is obvious, at once, that the defendant's default was not entered as the result of mistake, inadvertence, or excusable neglect. She knew that the plaintiff intended to cause her default to be entered; stipulated thereto; and was well aware of the fact that he intended to obtain an interlocutory decree of divorce.

Whether, in executing the property settlement agreement and the stipulation authorizing entry of her default, the defendant was the victim of a fraud, overreaching, or unfair practice, was an issue which the trial court impliedly found in favor of the plaintiff. ▇ The fact that she did not have independent counsel was not sufficient to establish, as a matter of law, that her consent had been obtained wrongfully. (*Couser* v. *Couser, supra,* 125 Cal.App.2d 475, 477; *Davidson* v. *Davidson,* 90 Cal.App.2d 809, 818 [204 P.2d 71].) The evidence supports an implied finding that the plaintiff's attorney did not take advantage of the fact that the defendant was not represented by counsel. The advantages extended her by the property settlement agreement would indicate to the contrary. No breach of the fiduciary relationship between the plaintiff and defendant appears. There is no evidence that the husband wilfully failed to disclose the extent of the community property. To the contrary, it appears that the wife had dealt with and was fully cognizant of the whole thereof. Nor does the evidence require a finding that the division agreed upon was inequitable or unequal. To the contrary, provision was made for support of the wife in an amount subject to court order even though, as the guilty spouse, she was not entitled thereto. An implied finding that the plaintiff had cause for divorce and that the defendant had no defense thereto is adequately supported by the evidence. She admitted her faults. ▇ The defendant contends that her husband promised to attempt a reconciliation if she would not contest his application for divorce; that this promise was made without intent to perform; and, therefore, constituted a fraud. The plaintiff's representation respecting the possibility of a reconciliation during the year period following the entry of an interlocutory decree if the defendant corrected her faults within that period, was not a promise unconditionally to

effect a reconciliation. The evidence shows that any anticipated reconciliation was referred to as a possibility. Furthermore, it appears from the plaintiff's affidavit that after entry of the interlocutory decree the defendant continued to find fault with, criticize and berate him, and finally contacted his employer in an attempt to have him removed from his employment. Under these circumstances any failure to effect a reconciliation must be attributed to her.

The defendant places great reliance upon the decisions in *Buck* v. *Buck*, 126 Cal.App.2d 137 [271 P.2d 628] and *Garcia* v. *Garcia*, 105 Cal.App.2d 289 [233 P.2d 23], and urges that they compel the conclusion that the order appealed from should be reversed. However, the cited cases are factually distinguishable from the case at bar and we do not consider them controlling in the instant matter.

In denying the defendant's motion to vacate and set aside her default and the interlocutory judgment herein, the trial court did not abuse its discretion in the premises.

The order appealed from is affirmed.

Griffin, P. J., and Brown (G.), J., concurred.