Filed 9/8/21  Lemus v. Abdeljawad CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JUAN RAMOS LEMUS, | |
| Plaintiff and Appellant, | E075789 |
| v. | (Super.Ct.No. CIVDS1928699) |
| EYAD YASER ABDELJAWAD, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed.

CDLG, Tony Cara and Jesse J. Thaler for Plaintiff and Appellant.

Eyad Yaser Abdeljawad, in pro. per., and Bridgepoint Law Group for Defendant and Respondent.

1

## I. INTRODUCTION

Plaintiff and appellant Juan Ramos Lemus retained defendant and respondent Eyad Yaser Abdeljawad to assist in seeking the recovery of surplus funds following the foreclosure sale of plaintiff's home. Plaintiff subsequently filed a civil action against defendant claiming that defendant had wrongfully withheld a portion of the recovered surplus funds. On January 28, 2020, plaintiff requested an entry of default against defendant.

Upon receipt of the request for entry of default, defendant attempted to contact plaintiff's counsel by telephone, regular mail, and electronic mail. In each attempted communication, defendant represented that he had never been served with the complaint, had only learned of the litigation upon receipt of the request for entry of default, and requested a copy of the complaint for review. Instead of responding to any of these inquiries, plaintiff and his counsel prepared and filed a default prove-up package and request for entry of a default judgment. As a result, a default judgment was entered on June 1, 2020.

On July 13, 2020, defendant moved to set aside the default judgment and underlying default pursuant to Code of Civil Procedure[1] sections 473 and 473.5, as well as the court's inherent equitable authority. The trial court held a hearing, took the matter under submission, and ultimately granted the motion to set aside the default judgment.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Plaintiff appeals from this order, arguing that the trial court abused its discretion in granting relief because (1) defendant's motion was procedurally defective for failure to attach a proposed answer; (2) defendant failed to show he lacked actual notice of the litigation to be entitled to relief under section 473.5; (3) defendant failed to establish excusable neglect to be entitled to relief under section 473; and (4) defendant failed to establish extrinsic fraud or mistake to be entitled to equitable relief.  We conclude that plaintiff has forfeited his claims for failure to provide an adequate record on appeal and further conclude that, even in the absence of forfeiture, the record before us does not establish an abuse of discretion warranting reversal.

## II.  FACTS & PROCEDURAL HISTORY

A.  *Procedural History*

On September 25, 2019, plaintiff filed a civil complaint against National Recovery Solutions, defendant, and another individual alleging that they had been retained to recover surplus funds following the foreclosure of plaintiff's home; had converted the recovered funds for their own use; and refused to pay plaintiff his share of the recovered funds.  Based upon these facts, plaintiff asserted causes of action for conversion, fraud, and breach of fiduciary duty against defendant.  On October 15, 2019, plaintiff filed a proof of service of summons indicating defendant had been served through substitute service by leaving copies of the complaint and summons with " 'John Doe' Person in Charge" at defendant's business office.

On January 28, 2020, plaintiff requested entry of default, and a default was entered that same date.  In April 2020, plaintiff submitted a request for entry of a default

3

judgment and various documents in support thereof. However, as the result of a general order by the presiding judge of the Superior Court of San Bernardino County,[2] the documents were not filed by the clerk until June 1, 2020. On June 1, 2020, a default judgment was entered against defendant.

B. *Defendant's Motion to Set Aside the Default Judgment and Underlying Default*

On July 13, 2020, defendant filed a motion to set aside the default judgment and underlying default. The notice of motion stated the grounds for setting aside the judgment were based upon "excusable neglect, as well as the extrinsic fraud [of] plaintiff and his counsel." Defendant's accompanying memorandum argued independent grounds for setting aside the default judgment under section 473.5; section 473, subdivisions (b) and (d); and the trial court's equitable authority.

In support of his motion, defendant submitted a declaration in which he explained that a lender had foreclosed on plaintiff's home; the foreclosure sale of plaintiff's home resulted in the recovery of surplus funds; and defendant had been retained by plaintiff to attempt to recover some of these surplus funds. Defendant further explained that at least three liens had been asserted against the excess recovery, resulting in payment of $160,681.69 directly to lienholders by the foreclosing lender. Following payment of the liens, plaintiff accepted payment of the $79,821.00 in resolution of his claim for surplus

---

[2] The general order was issued in response to the Governor's proclamation of a state of emergency due to the COVID-19 pandemic. As relevant here, the order generally closed all courtrooms for judicial business and further deemed March 17 through May 28, 2020, holidays for the purpose of accepting filings and computing the time within which a document must be filed.

funds.  Defendant (1) explained that plaintiff had executed a written release and a hold harmless agreement with the foreclosing lender in which plaintiff acknowledged the lien payments; (2) attached a copy of the executed document; (3) and further explained that payment was issued directly to plaintiff by the foreclosing lender.

Defendant declared that sometime in August 2019, he received a call from plaintiff's counsel asking about details related to plaintiff's recovery of surplus funds.  In response, defendant explained to plaintiff's counsel that plaintiff had executed a settlement agreement and had already been paid pursuant to the terms of his settlement agreement with the foreclosing lender.  According to defendant, plaintiff's counsel did not inform him of the intent to file suit regarding that prior settlement and did not subsequently inform him that a suit had been filed.

Defendant unequivocally stated that he was never served with a copy of the summons and complaint and had no knowledge of the allegations made in the complaint. The first time he received any notice that a suit had been filed was when he received a copy of plaintiff's request for entry of default in the mail.  In response, defendant immediately contacted plaintiff's counsel, requesting a copy of the complaint so that he could determine the allegations made against him.  Defendant attached a copy of written correspondence to plaintiff's counsel dated February 4, 2020, and electronic mail correspondence dated February 6, 2020.  Defendant also explained that he called both the business and personal telephone numbers for plaintiff's counsel and left voicemails requesting a response.  He attached a call log indicating he attempted to contact plaintiff's counsel by phone on at least four different occasions between February 4 and

5

March 10, 2020. According to defendant, plaintiff's counsel never responded to any of his inquiries.

When plaintiff's counsel failed to respond to defendant's inquiries, defendant attempted to physically go to the courthouse to obtain further information regarding the litigation. However, defendant was informed by the clerks that all civil matters other than harassment and elder abuse matters had been suspended as of March 17, 2020, by general order due to the COVID-19 pandemic. He was given a copy of the general order, which provided that March 17 through May 28, 2020, would be considered holidays for the purpose of filing documents and computing the time limitations for filing any documents, and further provided that most courtrooms would be closed for judicial business during that time period.

Defendant later discovered that during this time period, plaintiff had submitted a request for entry of default judgment, which was accepted and filed as soon as the court reopened on June 1, 2020. Defendant brought an ex parte motion to set aside the default judgment and underlying default as soon as he discovered that a default judgment had been entered.

C. *Plaintiff's Opposition to the Motion*

In opposition, plaintiff argued defendant's motion should be denied on procedural grounds because defendant failed to attach a copy of a proposed answer with the moving papers; defendant was properly served with the summons and complaint; and defendant failed to meet his burden to show excusable neglect or extrinsic fraud. Plaintiff submitted the declaration of his counsel, who simply confirmed that plaintiff filed the

6

complaint and a proof of service of summons. Counsel confirmed that he had received defendant's February 2020 correspondence requesting a copy of the complaint but stated that his only action in response was to speak with plaintiff, who "confirmed the allegations of the complaint." Notably, counsel did not dispute that defendant made numerous requests for a copy of the complaint. Nor did counsel dispute that he never responded to any of these requests prior to seeking entry of a default judgment.

D. *Ruling on Defendant's Motion*

On August 14, 2020, the trial court held a hearing on defendant's motion for relief from default and default judgment and, following oral argument, took the matter under submission. On September 22, the trial court granted the motion and ordered defendant to file an answer within five court days from the date of its order. Plaintiff appeals from this order and elected to proceed without a reporter's transcript of the oral proceedings.

### III. DISCUSSION

A. *General Legal Principles and Standard of Review*

A party may move to seek relief from default on statutory or equitable grounds. Under section 473, subdivision (b), a default judgment may be set aside upon a showing that the default judgment was entered as the result of the party's "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Alternatively, under section 473.5, a default judgment may be set aside "[w]hen service of a summons has not resulted in actual notice to a party in time to defend the action" and "the party's lack of actual notice . . . was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5, subds. (a), (b).) Finally, "[a] trial court has inherent power to vacate a default judgment

7

on equitable grounds" (*Mechling v. Asbestos Defendants* (2018) 29 Cal.App.5th 1241, 1245), and it may do so "even if statutory relief is unavailable" (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981).

"Trial court rulings on motions for relief from default are subject to an abuse of discretion standard." (*Luxury Asset Lending*, *LLC v. Philadelphia Television Network*, *Inc.* (2020) 56 Cal.App.5th 894, 907 (*Luxury Asset Lending*).) However, "[t]he abuse of discretion standard is not a unified standard; the deference it calls for varies according to the aspect of a trial court's ruling under review. The trial court's findings of fact are reviewed for substantial evidence, its conclusions of law are reviewed de novo, and its application of the law to the facts is reversible only if arbitrary and capricious." (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711-712.) Further, in the absence of explicit factual findings on a disputed issue, we imply factual findings in favor of the order (*Benito v. Benito* (1963) 215 Cal.App.2d 265, 267), and we uphold such findings where they are supported by substantial evidence in the record. (*Carmel*, *Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399 (*Carmel*).)

In conducting our review, we are also mindful of the fact that " '[a]ppellate courts are much more disposed to affirm an order when the result is to compel a trial on the merits than when the default judgment is allowed to stand. [Citation.] Therefore, when a party in default moves promptly to seek relief, very slight evidence is required to justify a trial court's order setting aside a default. [Citation.] . . . . ' ' " 'Even in a case where the showing . . . is not strong, or where there is any doubt as to setting aside of a default, such

doubt should be resolved *in favor of the application*.' " ' " (*Ramos v. Homeward Residential*, *Inc.* (2014) 223 Cal.App.4th 1434, 1444.)

Finally, "[t]he burden of showing the trial court's abuse of discretion is upon the party seeking to reverse the order denying relief from default." (*H.A. Pulaski*, *Inc. v. Abbey Contractor Specialties*, *Inc.* (1969) 268 Cal.App.2d 883, 886; see *Stub v. Harrison* (1939) 35 Cal.App.2d 685, 690.)

B. *Plaintiff Has Forfeited His Appeal for Failure To Provide an Adequate Record*

Initially, we conclude that plaintiff has not met his burden on appeal to establish reversible error because plaintiff has failed to provide an adequate record for our review. Absent a record of oral proceedings, we cannot properly review the trial court's exercise of discretion, let alone conclude the trial court abused its discretion in granting relief.

"[L]ack of a verbatim record of . . . proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court. This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. . . . 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

Consistent with this principle, " '[i]t is appellant's burden to provide a reporter's transcript if "an appellant intends to raise any issue that requires consideration of the oral

9

proceedings in the superior court . . ." [citation], and it is the appellant who in the first instance may elect to proceed without a reporter's transcript [citation]. . . .' [Citation.] Although in certain instances a reporter's transcript may not be necessary, including if an appeal involves a legal issue requiring de novo review [citation], on issues . . . involving the abuse of discretion standard of review, a reporter's transcript or an agreed or settled statement of the proceedings is indispensable." (*Hood v. Gonzales* (2019) 43 Cal.App.5th 57, 79-80.)

Here, the record indicates that the trial court conducted a hearing in which both parties appeared and engaged in oral argument prior to taking the matter under submission and issuing the order subject of this appeal. However, plaintiff has elected to proceed with this appeal without providing a record of such oral proceedings. Given the fact that the applicable standard of review is abuse of discretion, the absence of a record of oral proceedings is fatal to plaintiff's claim of error.

A record of oral proceedings would appear particularly relevant in this case because defendant's motion was supported primarily by his own declaration; plaintiff's opposition was supported primarily by the declaration of plaintiff's counsel; and both defendant[3] and plaintiff's counsel participated in the hearing on the motion. Thus, the oral proceedings presumably provided the trial court with an opportunity to inquire directly of each declarant in order to clarify any ambiguous, inadequate, or inconsistent statements made in their declarations and to assess each declarant's credibility. Absent a

---

[3] Defendant represented himself at the time of hearing.

10

reporter's transcript, this court is unable to determine what transpired and cannot conclude that the trial court abused its discretion when it ultimately decided to vacate the default judgment. Since plaintiff, as the appellant, bears the burden to establish error on appeal, the absence of an adequate record compels the appeal to be resolved against him.

C. *The Record Available Does Not Establish an Abuse of Discretion*

Additionally, we conclude that even in the absence of forfeiture, plaintiff has failed to establish an abuse of discretion based upon the record presented on appeal. Specifically, plaintiff argues the trial court abused its discretion in granting relief because (1) defendant's motion was procedurally defective for failure to attach a proposed answer; (2) defendant failed to show he lacked actual notice of the litigation to be entitled to relief under section 473.5; (3) defendant failed to establish excusable neglect to be entitled to relief under section 473; and (4) defendant failed to establish extrinsic fraud or mistake to be entitled to equitable relief. We disagree with each of these contentions.

1. <u>The Trial Court Did Not Abuse Its Discretion in Granting Relief Despite Defendant's Failure To Attach a Proposed Answer</u>

With respect to plaintiff's first argument, the trial court is not precluded from granting relief from default simply because the party seeking relief fails to comply with the statutory provisions requiring the submission of a proposed pleading.

Both sections 473 and 473.5 generally require that the party seeking relief from a default accompany the request for relief with a proposed answer. (§ 473, subd. (b) ["Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed . . . ."]; § 473.5, subd. (b) ["The party shall serve and file

11

with the notice a copy of the answer . . . or other pleading proposed to be filed in that action."].)  However, California courts have repeatedly held that because these statutory provisions "should be liberally construed . . . in favor of the party seeking relief from default . . . .  '[S]ubstantial compliance' with statutory requirements is all that is required to set aside a default judgment [citation], and . . . rigid application of the requirements 'fails to give full remedial effect to the statute.' "  (*Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1009-1010; see *Carmel*, *supra*, 175 Cal.App.4th at pp. 401-402 ["[C]ourts have held substantial compliance to be sufficient."].)

Here, it is undisputed that defendant did not submit a proposed answer with his moving papers.[4]  However, defendant's declaration set forth a very clear defense to the allegations of the complaint, stating unequivocally that the surplus proceeds from the foreclosure of plaintiff's home were subject to multiple liens; plaintiff had full knowledge of those liens; plaintiff agreed to accept payment in a set amount in satisfaction of his claims; and payment was made directly to plaintiff by the foreclosing lender.  These facts, if proven, would clearly render plaintiff's claim that defendant has wrongfully withheld surplus proceeds from plaintiff's foreclosure sale without merit.

---

**4** Although, in the absence of a record of the oral proceedings at the hearing on defendant's motion, we cannot conclude that defendant never submitted such a document for the trial court's review.  (See *Carmel*, *supra*, 175 Cal.App.4th at p. 403 [Even if "counsel inadvertently failed to accompany the motion with [a] proposed answer, or whether the proposed answer simply did not find its way into the court's file[,] . . . we perceive no reason why the court could not have reviewed [a] proposed answer proffered at the hearing . . . ."].)

Thus, the record before the trial court was more than sufficient to allow the trial court to conclude that defendant was prepared to substantively defend the suit and was not simply seeking to delay enforcement of a judgment. This is the very purpose for which a proposed pleading is required. (*Carmel*, *supra*, 175 Cal.App.4th at pp. 401-402 ["The purpose of the proposed pleading requirement . . . is to compel the delinquent party to demonstrate his or her good faith and readiness to proceed on the merits" and "to provide the delinquent party with an opportunity to show good faith and readiness to answer the allegations of the complaint . . . ."]; *Hu v. Fang* (2002) 104 Cal.App.4th 61, 65 [The objective of the " ' "accompanied by" ' " requirement is to permit " 'a screening determination that the relief is not sought simply to delay the proceedings . . . .' "].) Where the record shows that defendant supported his request for relief with a substantive showing sufficient to fulfill the purpose of the proposed pleading requirement, the trial court does not abuse its discretion in concluding defendant was substantially compliant for purposes of granting relief.

2. The Record Supports Entitlement to Relief Under Section 473.5

Plaintiff also claims the trial court abused its discretion to the extent it granted relief for lack of actual notice. Under section 473.5, a default judgment may be set aside "[w]hen service of summons has not resulted in actual notice to a party in time to defend the action" and "the party's lack of actual notice . . . was not caused by his or her avoidance of service or inexcusable neglect." (§ 473.5, subds. (a), (b).) However, plaintiff contends the trial court could not have granted relief under this statute because plaintiff filed a proof of service. We disagree.

13

Plaintiff's focus on the filing of a proof of service is misplaced. The relevant inquiry for purposes of relief under section 473.5 is whether defendant received actual notice—not whether service was proper. Section 473.5 is intended to provide relief in those situations in which service is proper but, for some other reason, the defendant did not obtain actual notice as a result. (*Luxury Asset Lending*, *supra*, 56 Cal.App.5th at p. 908 ["Section 473.5 provides relief . . . to those defendants who, despite proper service, never received 'actual notice' of the lawsuit in time to defend against it."]; *Anastos v. Lee* (2004) 118 Cal.App.4th 1314, 1319 ["[S]ection 473.5 empowers a court to grant relief from a default judgment where a valid service of summons has not resulted in actual notice . . . ."].) Thus, merely establishing proper service will not necessarily preclude a finding that defendant lacked actual notice.

Additionally, we observe that nothing about the proof of service filed in this case suggests actual notice to defendant. The "filing of a proof of service creates a rebuttable presumption that the service was proper." (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441; see *Lebel v. Mai* (2012) 210 Cal.App.4th 1154, 1163.) However, it creates no presumption regarding the issue of actual notice. While a proof of service indicating defendant was personally served might have been strong evidence of actual notice, the proof of service in this case represented that defendant was served via substitute service upon someone named " 'John Doe.' " Thus, even if this was sufficient to show valid service, it does not foreclose or otherwise conflict with a finding that, despite proper service, defendant did not have actual knowledge of the suit.

14

Here, defendant unequivocally declared that he had never been served with the summons and complaint and had no actual knowledge that a suit had been filed until he received a copy of plaintiff's request for entry of default. Such a statement constitutes substantial evidence in support of an implied finding that defendant did not have actual notice of the suit. (*Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1239 ["[T]he testimony of a single witness is sufficient to satisfy the test of the substantial evidence rule."]; *In re Internet Lending Cases* (2020) 53 Cal.App.5th 613, 626 ["[A] statement set forth in a valid declaration may also constitute substantial evidence."].) Additionally, defendant declared that he provided straightforward answers in response to a prelitigation inquiry by plaintiff's counsel and that, immediately upon being notified of a suit, he made numerous attempts to contact plaintiff's counsel, including by regular mail, electronic mail, and phone, in order to request a copy of the complaint. Thus, the trial court could also reasonably infer that defendant did not engage in inexcusable neglect or an attempt to avoid service.

It was for the trial court to assess the credibility of defendant and weigh any competing evidence on the issue of actual notice. So long as substantial evidence in the record supports a finding that defendant did not have actual notice of the suit, we find no abuse of discretion in the trial court's granting of relief from default and default judgment in this case.

3. The Record Supports Entitlement to Relief Under Section 473, Subdivision (b)

Plaintiff also claims the trial court abused its discretion to the extent it granted relief on the basis of excusable neglect. Under section 473, subdivision (b), a default

15

judgment may be set aside when entered as the result of the party's "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Again, we disagree.

" 'Excusable neglect is that neglect which might have been the act of a reasonably prudent person under the same circumstances.' " (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1419.) "The test of whether neglect was excusable is whether ' "a reasonably prudent person under the same or similar circumstances" might have made the same error.' " (*Luri v. Greenwald* (2003) 107 Cal.App.4th 1119, 1128.)

As we have already explained, substantial evidence supports a finding that defendant did not receive actual notice of the suit prior to his receipt of plaintiff's request to enter default. Since default was entered the same date it was requested, the entry of default can clearly be attributed to surprise or excusable neglect. Obviously, a reasonable person will not respond to a complaint absent the knowledge of such. Thus, to the extent the trial court credited defendant's evidence, the entry of default can clearly be attributed to excusable neglect.

The only question that remains is whether the same can be said of the subsequent entry of a default judgment on June 1, 2020. Clearly, defendant had notice of the suit by February 2020, as his own declaration admits receiving the request for entry of default and attempting to contact plaintiff's counsel on numerous occasions thereafter seeking to obtain a copy of the complaint. However, under the circumstances of this case, it was clearly reasonable for defendant to wait for a response to his inquiries prior to seeking any relief.

16

As more than one Court of Appeal has recognized, it is an ethical obligation for opposing counsel to warn of an impending default prior to taking any action. (*Fasuyi v. Permatex*, *Inc.* (2008) 167 Cal.App.4th 681, 701-702 (*Fasuyi*).) Indeed, at least one Court of Appeal has gone even further and concluded that counsel has not only an ethical obligation but a legal obligation to do so. (*Lasalle v. Vogel* (2019) 36 Cal.App.5th 127, 132-141 (*Lasalle*).) Here, the record shows that defendant immediately contacted plaintiff's counsel by regular mail, electronic mail, and phone, requesting a copy of the complaint upon receiving actual knowledge. Given the ethical and legal obligations of plaintiff's counsel, it was reasonable for defendant to wait for a response before taking any further steps seeking relief from default. Certainly, defendant could have reasonably expected to be given at least a warning prior to any further actions to seek entry of a default judgment.[5] Thus, it would not be an abuse of discretion for the trial court to conclude that the default judgment was entered as the result of excusable neglect.

4. The Record Supports Entitlement to Equitable Relief

Finally, plaintiff contends the trial court abused its discretion in granting relief from default on equitable grounds because defendant failed to establish extrinsic fraud. Again, we disagree.

---

[5] Nor does the delay between the request for entry of default and entry of a default judgment have much bearing in this case. While a delay of months without taking any action would not typically be justified, it is undisputed that in this case, the Superior Court of San Bernardino County was closed to judicial business, including court filings, for almost all of the relevant time as the result of the COVID-19 pandemic. Indeed, plaintiff's submission of a request for entry of a default judgment in April 2020 was not accepted for filing until June 1. Thus, the delay in this case does not have the same relevance as it might normally have in other cases.

17

"A final judgment may be set aside by a court if it has been established that extrinsic factors have prevented one party to the litigation from presenting his or her case. [Citation.] The grounds for such equitable relief are commonly stated as being extrinsic fraud or mistake. However, those terms are given a broad meaning and tend to encompass almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing. It does not seem to matter if the particular circumstances qualify as fraudulent or mistaken in the strict sense." (*In re Marriage of Park* (1980) 27 Cal.3d 337, 342; see *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 833 ["Courts have given the term extrinsic fraud 'a broad meaning' applying it to 'almost any set of extrinsic circumstances which deprive a party of a fair adversary hearing.' "]; *Groves v. Peterson* (2002) 100 Cal.App.4th 659, 665.)

With this understanding in mind, Courts of Appeal have considered the failure of opposing counsel to provide fair warning of an intent to proceed with a default an extrinsic factor justifying equitable relief. (*Fasuyi*, *supra*, 167 Cal.App.5th at pp. 701-702 [Opposing counsel's act of taking "the default without so much as a reminder, let alone a warning, about any responsive pleading" was " 'unfair.' "]; *Lasalle*, *supra*, 36 Cal.App.5th at pp. 132-137 [same]; *Bae v. T.D. Service Co. of Arizona* (2016) 245 Cal.App.4th 89, 108, fn. 15 [Plaintiff's counsel's failure to notify defense counsel of [default] proceedings "supported relief on the basis of extrinsic mistake, regardless of any legal requirement of notice relating to those proceedings."].)

*Lasalle* is particularly instructive on this point. In that case, the Court of Appeal concluded that the wholly unprofessional conduct of opposing counsel in failing to

18

adequately warn of the intent to take a default constituted a strong equitable ground justifying reversal of the trial court's denial of a motion to set aside a default. (*Lasalle*, *supra*, 36 Cal.App.5th at p. 132.) In reaching this decision, it reiterated that under the traditional standard of professional conduct, " '[t]he quiet speed of plaintiff's attorney in seeking a default judgment without the knowledge of defendants' counsel is not to be commended.' " (*Id.* at p. 135.) It then observed, pursuant to section 583.130,[6] "[t]he ethical obligation to warn opposing counsel of an intent to take a default is now reinforced by a statutory policy that all parties 'cooperate in bringing the action to trial or other disposition' " and "[q]uiet speed and unreasonable deadlines do not qualify as 'cooperation' and cannot be accepted by the courts." (*Lasalle*, at p. 137.)

Like in *Lasalle*, the undisputed facts of this case show the default judgment was obtained as the result of plaintiff's counsel's deliberate flouting of his ethical obligations. The record shows that plaintiff's counsel had the means, knowledge, and ability to contact defendant, having done so and engaged in a substantive conversation about the facts of plaintiff's case prior to filing the suit. Plaintiff's counsel further knew that service of process was not personal, but accomplished via substitute service. Despite that, plaintiff's counsel never reached out to defendant to inquire why a responsive pleading had never been filed and, instead, chose to quietly obtain a default without so much as a warning.

---

[6] Section 583.130 states, in pertinent part: "It is the policy of the state that a plaintiff shall proceed with reasonable diligence in the prosecution of an action but that all parties shall cooperate in bringing the action to trial or other disposition."

Further, upon receiving the request for entry of default, defendant repeatedly called plaintiff's counsel to obtain a copy of the complaint and further contacted plaintiff's counsel by regular and electronic mail. Plaintiff's counsel admitted he received these communications. He simply refused to respond. Instead, plaintiff's counsel did the exact opposite of what would be expected of him. With full knowledge of defendant's position that he lacked knowledge of the suit until after the entry of default, and with full knowledge that defendant was seeking a copy of the complaint to review the allegations, plaintiff's counsel, instead, moved forward with a request for entry of default judgment without notifying defendant of his intent to do so. This is the very type of misconduct highlighted in *Lasalle* upon which the Court of Appeal granted equitable relief.

Given the circumstances, the trial court could reasonably conclude that plaintiff's counsel engaged in misconduct that resulted in the entry of a default judgment, justifying the grant of equitable relief. Further, it is undisputed that defendant presented facts which, if proven, would constitute a substantive defense to plaintiff's claims; plaintiff did not contend defendant engaged in unjustified delay in seeking relief from the default judgment; and plaintiff did not argue he would be prejudiced in granting relief. Thus, we cannot conclude the trial court abused its discretion to the extent it granted equitable relief from default under the facts of the case.

## IV.  DISPOSITION

The order is affirmed.  Respondent to recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS_____
                                                                                      J.

We concur:


McKINSTER_____
            Acting P. J.


RAPHAEL_____
            J.