Filed 4/2/24  Shohat v. Sanders CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SANDRA SHOHAT,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JOSEPH L. SANDERS,<br><br>     Defendant and Appellant. | G062319<br><br>(Super. Ct. No. 30-2020-01136802)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Nick A. Dourbetas, Judge.  Affirmed.

Cumming & Associates and William Cumming; Jeff Lewis Law, Jeffrey Lewis and Kyla Dayton for Defendant and Appellant.

Christopher L. Blank for Plaintiff and Respondent.

\*          \*          \*

A trial court's inherent equitable powers allow it, in its sound discretion, to grant such relief as will achieve substantial justice among the parties under the

circumstances presented to it. Defendant Joseph L. Sanders appeals after the court declined to exercise such equitable powers to relieve him from default and a default judgment entered against him. The court found that even though he demonstrated entry of default was a result of extrinsic mistake, he failed to show he acted with reasonable diligence in seeking relief. Defendant contends the court abused its discretion because he made the requisite showing to qualify for equitable relief, including demonstrating a meritorious defense, a satisfactory excuse for not timely defending the action, and diligence in seeking relief once the default and default judgment were discovered. We find no error in the court's action which was based, in part, on defendant's failure to seek relief until nearly two years after entry of default, nine months after entry of the default judgment, and eight months after defendant self-admittedly became aware of the judgment. Accordingly, we affirm the postjudgment order.

## FACTS

On March 9, 2020, plaintiff Sandra Shohat filed a complaint against defendant and others for breach of contract, fraud, conversion, and quiet title. The complaint alleged defendant, in conjunction with another person, convinced plaintiff to loan defendant $85,000 so he could avoid foreclosure on a residential property he owned. It was purportedly promised defendant would finalize a refinancing that was in process for another property and repay plaintiff within approximately one week. A written loan agreement allegedly signed by defendant promised repayment would occur no later than December 1, 2019, and pledged as security for the loan two properties—one located in Huntington Beach, the other located in Long Beach.

When plaintiff attempted to cash a check provided to her as repayment, it was rejected for insufficient funds. Over a series of months, defendant allegedly made a variety of false statements as to why payment was or was not forthcoming. Plaintiff was unsuccessful in getting her money back. Among other relief, the complaint prayed for a monetary award of $85,000, plus late charges, interest and costs, a declaration of

2

plaintiff's entitlement to an $85,000 interest in the two properties pledged as security for the underlying loan, and punitive damages.

Defendant was served with the complaint by substitute service on March 30, 2020. The proof of service indicates a copy of the complaint was left by the front door of a Corona Del Mar residence in the presence of an occupant, and a copy was subsequently mailed to defendant at the same address.

A different proof of service indicates defendant was personally served with a statement of damages at the Corona Del Mar address on April 24, 2020. Approximately six weeks later, on June 4, 2020, plaintiff filed a request for entry of default against defendant, among others, and mailed a copy of it to the same address. Later that day, the court clerk entered the requested default. A few days later, plaintiff filed a statement of damages dated April 22, 2020, which indicated her intent to seek punitive damages against all defendants in the amount of $850,000.

At the end of June 2020, the court clerk notified defendant it could not file an answer submitted by him because default had already been entered.

In mid-October 2020, plaintiff filed a request for entry of a default judgment which she mail served on defendant at the Corona Del Mar address. The total requested monetary judgment was $879,351.07, consisting of the following: $85,000 as the demand in the complaint; $8,500 in late fees and $765,000 in punitive damages, both listed as having been included in a statement of damages under Code of Civil Procedure section 425.11[1]; $7,126 in interest; $3,276.07 in costs; and $10,499 in attorney fees. In conjunction with the request, plaintiff filed a declaration which reiterated much of the complaint's allegations.

---

[1]     All further statutory references are to the Code of Civil Procedure unless otherwise specified.

3

Between late October 2020 and early July 2021, plaintiff filed an amended request for entry of judgment, requesting judgment in the same amount as previously requested, as well as an additional declaration related to the request.

The trial court entered default judgment in plaintiff's favor on July 22, 2021. The amount of the judgment matched that requested by plaintiff, except for prejudgment interest which the court adjusted to account for passage of time, resulting in a total judgment of $885,964.80.

Ten months after entry of judgment, in mid-April 2022, defendant filed a motion seeking relief from default and the default judgment. He asserted a statutory ground for relief and appealed to the trial court's equitable powers. Regarding the former, he submitted a declaration from an attorney licensed to practice in Mexico which defendant argued supported a mandatory set aside of the default and default judgment pursuant to section 473, subdivision (b). Concerning the latter, defendant argued entry of default was the result of an extrinsic mistake, he had a meritorious defense, and he acted diligently in seeking relief.

In a declaration filed with his motion, defendant outlined the procedural circumstances of the case from his perspective. On June 1, 2020, three days before default was sought and entered, he went to the courthouse to file an answer. He arrived at 3:30 p.m. and noticed people were packing up tables located outside the courthouse entrance. Defendant was told no one was allowed inside due to COVID-19 pandemic related policies and the court had closed early at 3:00 p.m. that day.[2] Defendant returned the following day with his papers and proceeded to the outside of the courthouse where tables were set up. A court clerk reviewed the papers and directed defendant to place

___

[2] We grant defendant's request for judicial notice of three COVID-19 related implementation orders issued by the Orange County Superior Court in March and April 2020. (Evid. Code, §§ 452, subd. (c), 459.)

4

them, along with a check for the filing fee, in a sealed envelope and set them in a bin near the table. Defendant did so.

Defendant claimed not to have received notice of some of the documents filed with or by the court, including the statement of damages, the request for entry of default, and the late-June 2020 notice from the court indicating it could not file his answer due to entry of default. He also claimed he did not receive a copy of the default prove-up documents and stated he learned of the default and default judgment in late August 2021 through an attorney representing him in a bankruptcy matter.

Apart from the statement of damages, which defendant claimed had a false proof of service indicating personal service, his proffered explanation for not receiving the documents stemmed from his chosen lifestyle. Defendant owns or has an interest in five properties — three in Orange County, one in Riverside County, and one in Mexico — and he regularly moves between them for extended periods of time. One of the Orange County properties has been occupied by a tenant since 2018, and the tenant periodically delivers large stacks of mail to defendant. The other two Orange County properties have mailbox problems. His Laguna Beach address mailbox has not had a front cover since sometime in 2018, and his Corona Del Mar address has a small, locked mailbox for which he has not had the key since 2009. Defendant acknowledged having "received several notices from the United States Post Office that the [two] mailboxes . . . are 'filled' and that no mail would be delivered until [he] removed all the mail," and he indicated doing so "was not a top priority because [he] rarely receive[s] any important mail at either location." As a result, "there were definitely long periods of time when mail was simply not delivered to either address."

Regarding the timing of his motion, defendant conveyed his delay in seeking relief was a result of lack of notice, financial constraints, and attorney advice. He claimed he first learned of the default and ensuing judgment in August 2021 after he filed for an emergency Chapter 11 bankruptcy. The following month he was forced to convert

5

to a Chapter 7 bankruptcy, "which resulted in losing control of [his] finances." Additionally, defendant relied on attorney advice to hold off on filing a motion for relief until he engaged in a February 2022 mediation to try to resolve this case and another case in which a multi-million dollar default judgment was entered against him.

Plaintiff opposed the motion. As for the supposed attorney mistake or neglect, she argued such relief was not available because defendant's statutory motion was untimely. Additionally, she noted the relied upon events occurred after default had already been entered. Regarding equitable relief, plaintiff argued: defendant did not have a meritorious defense to the claims because he admitted to owing the $85,000; defendant did not have a satisfactory excuse for not timely defending the action; proofs of service demonstrated defendant had timely notice of the default and request for default judgment; and, defendant's excuses for the delay in seeking relief after he self-admittedly became aware of the default judgment were insufficient to obtain relief.

The court held a hearing, took the matter under submission, and later issued a minute order denying defendant's motion. It found relief pursuant to section 473, subdivision (b), was unavailable because defendant's motion was untimely, and found defendant's showing inadequate to obtain equitable relief. The court explained that although defendant provided sufficient evidence of extrinsic mistake regarding entry of default, he failed to provide any such evidence about entry of the default judgment. Further, the evidence did not show a satisfactory excuse for failing to present a timely defense to the complaint or diligence in seeking to set aside the default once discovered.

After unsuccessfully moving for reconsideration, defendant timely appealed.

## DISCUSSION

Defendant contends the trial court erred in denying his motion for relief from default and the default judgment by unwarrantedly requiring he demonstrate the default judgment was a result of extrinsic mistake even though the court agreed he

6

demonstrated extrinsic mistake as to the entry of default. He also claims his showing satisfied the other factors relevant to obtaining relief on equitable grounds, namely a meritorious defense and diligence in seeking relief.[3] We find no error.

We begin with section 473, subdivision (b), for context. Pursuant to that statute, "a court may relieve a party from a default or default judgment due to 'mistake, inadvertence, surprise, or excusable neglect' if the party files an application for relief within six months from the date of the default. [Citation.] '"Section 473 is often applied liberally where the party in default moves promptly to seek relief, and the party opposing the motion will not suffer prejudice if relief is granted. [Citations.] In such situations 'very slight evidence will be required to justify a court in setting aside the default.' [Citations.] [¶] Moreover, because the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default . . . .""" (*Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 28 (*Kramer*).)

"Aside from section 473, subdivision (b), 'courts have the inherent authority to vacate a default and default judgment on equitable grounds such as extrinsic fraud or extrinsic mistake.' [Citation.] The court's ability to grant relief under its inherent power is narrower than its ability to grant relief under section 473, subdivision (b). [Citation.] This is especially true after a default judgment has been entered. 'A party who seeks to set aside a default judgment pursuant to the court's equity power must make a substantially stronger showing of the excusable nature of his or her neglect than is necessary to obtain relief under . . . section 473.' [Citation.] As our Supreme Court has explained, '[w]hen a default *judgment* has been obtained, equitable relief may be given only in exceptional circumstances. "[W]hen relief under section 473 is available, there is

---

[3] Defendant does not challenge the trial court's rejection of the relief requested pursuant to section 473, subdivision (b), based on the untimeliness of his motion.

a strong public policy in favor of granting relief and allowing the requesting party his or her day in court. Beyond this period there is a strong public policy in favor of the finality of judgments and only in *exceptional circumstances* should relief be granted."'" (*Kramer, supra*, 56 Cal.App.5th at p. 29, quoting *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981-982 (*Rappleyea*).)

"A party seeking relief under the court's equitable powers must satisfy the elements of a 'stringent three-pronged test': (1) a satisfactory excuse for not presenting a defense, (2) a meritorious defense, and (3) diligence in seeking to set aside the default." (*Kramer, supra*, 56 Cal.App.5th at p. 29.) We review any factual findings made by the trial court for substantial evidence, and we review the court's equitable determination for an abuse of discretion. (*Id*. at p. 28.)

We need not reach further than the third prong — diligence — to conclude the trial court did not abuse its discretion in this case. "Generally, diligence is measured from when a party discovers the default or default judgment against it." (*Kramer, supra*, 56 Cal.App.5th at p. 37.) Courts evaluate "whether [a] defendant[,] in the light of the circumstances known to [them,] acted unreasonably in not filing the motion to set aside [the default or] the default judgment earlier." (*Weitz v. Yankosky* (1966) 63 Cal.2d 849, 857.) To that end, if a defendant knows or believes they are in default, failing to act is unreasonable because any decision to further ignore the action once on notice of it makes the result a consequence of their own choosing and, hence, their responsibility. (*Kramer,* at pp. 37-38.)

Here, it was well within the bounds of reason for the trial court to conclude defendant did not act diligently in seeking relief from default and the default judgment. Default was entered in June 2020, and the default judgment was entered in July 2021. Defendant did not seek relief until April 2022. Understandably, the court does not appear to have been persuaded by defendant's claim of nonreceipt of notice or to have been sympathetic to the explanation for the alleged nonreceipt. Defendant's own evidence

8

showed he had multiple addresses with years of known mail delivery problems, but he took no action to correct the issues even after being served with the complaint in March 2020 at one of those addresses.

Even giving defendant the benefit of the doubt, by assuming arguendo he did not have notice of the default or default judgment until August 2021 when his bankruptcy attorney informed him of it, it was reasonable for the court to conclude he was dilatory in seeking relief. Defendant's motion was not filed for another eight months. (See *Kramer, supra*, 56 Cal.App.5th at pp. 24-25, 37 [lack of diligence when motion filed eight months after learning of default]; *Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 270, 277-278 [lack of diligence when motion filed four and a half months after learning of default judgment]; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 508 [lack of diligence when motion filed nine months after learning of default]; c.f. *Rappleyea, supra*, 8 Cal.4th at pp. 979-980, 984 [diligence found when defendant appeared in propria persona to set aside default within six weeks of learning default judgment might soon be entered even though defendant had been aware default was entered one year earlier].) The court was not obligated to accept defendant's proffered explanations concerning potential settlement and financial distress. (See *Carrasco v. Craft* (1985) 164 Cal.App.3d 796, 806 [lack of funds does not require setting aside of default]; *Turley v. Turley* (1967) 254 Cal.App.2d 169, 173 [negotiation of possible settlement does not excuse failure to proceed with diligence in filing of pleadings, absent some contrary understanding between parties].)

"It is the duty of every party desiring to resist an action . . . to take timely and adequate steps to retain counsel or to act in [their] own person to avoid an undesirable judgment. Unless in arranging for [their] defense [they] show[] that [they] have] exercised such reasonable diligence as a [person] of ordinary prudence usually bestows upon important business[,] [their] motion for relief [from default] will be denied." (*Elms v. Elms* (1946) 72 Cal.App.2d 508, 513.) Such was the conclusion of the

9

trial court in this case, and the record does not demonstrate an abuse of discretion in that regard.[4]

**DISPOSITION**

The postjudgment order is affirmed.  Plaintiff is entitled to costs on appeal.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOETHALS, J.

---

[4]      Our determination the court did not err in evaluating defendant's diligence obviates the need to address his other arguments which are directed at the two additional components required to obtain relief on equitable grounds.